282 So.2d 664 (1973)
Betty J. NELSON, Appellant,
v.
GROWERS FORD TRACTOR CO., a Delaware Corporation, Growers Equipment Company, a Florida Corporation, Appellees.
No. 71-696.
District Court of Appeal of Florida, Fourth District.
September 14, 1973.
*665 Joel Miller, Miller & Squire, Fort Lauderdale, for appellant.
James O. Murphy, Jr., Rimes, Greaton & Murphy, Fort Lauderdale, for appellee, Growers Ford Tractor Co.
Gaylord A. Wood, Jr., Fort Lauderdale, and Greenberg, Traurig, Hoffman & Lipoff, Miami, for appellee, Growers Equipment Co.
CROSS, Judge.
Appellant, Betty J. Nelson, appeals a final judgment entered in favor of appellees, Growers Ford Tractor Co. and Growers Equipment Company, dismissing appellant's counterclaim against Growers Ford Tractor Co., and a crossclaim against Growers Equipment Company. The counterclaim sought reasonable rental value of a building occupied by Growers Ford Tractor Co., and the crossclaim demanded damages for breach of warranties of title.
Betty J. Nelson (Nelson) purchased a building from Growers Equipment Company (Equipment) while the building was occupied by Growers Ford Tractor Co. (Tractor) pursuant to the terms of a lease entered into between Equipment and Tractor. When the lease expired, Nelson requested Tractor to vacate the premises. Upon Tractor's refusal to vacate, Nelson instituted an action for removal of the tenant Tractor in the Court of Record for Broward County, Florida.[1]
While the eviction suit was pending in the court of record, Tractor filed a complaint for declaratory relief in the Circuit Court of Broward County, Florida, for determination of Tractor's rights under the lease, naming Nelson and Equipment as co-defendants. Nelson answered the complaint for declaratory relief and asserted a counterclaim against Tractor for reasonable rental value of the building wrongfully occupied by Tractor, and a crossclaim for damages against Equipment for breach of warranties of title. Tractor subsequently vacated the premises, and the complaint for declaratory relief was dismissed as moot.
Tractor and Equipment then filed motions to dismiss the counterclaim and crossclaim filed by Nelson in the declaratory proceeding. The motions were granted, and final judgment entered in favor of Tractor and Equipment and against Nelson, dismissing Nelson's claims. This appeal followed.
The basic question for our determination is whether the second amended counterclaim and crossclaim states a cause of action against Tractor and/or Equipment. We must, of course, treat all well-pleaded facts as true in this procedural setting.
Considering first the counterclaim, count eight thereof seeks to recover the reasonable rental value of the premises during the period that Tractor was holding over. We find the counterclaim to allege (1) that Nelson was the owner of the property at all times material to the allegations contained herein; (2) that Tractor was a tenant under an agreement extending its possession of the land to December 31, 1969; (3) that Tractor stayed in possession of the property after December 31, 1969, but *666 failed to pay any rental; (4) that Nelson filed an action in the court of record to recover possession of the property, which action resulted in the final judgment dated March 31, 1970 directing the clerk to issue a writ of possession to Nelson; (5) that Tractor has surrendered the premises; and (6) that Nelson is entitled to the reasonable rental value to the date of surrender.
Under Florida law, when a tenancy created by a written instrument, the term of which is limited, has expired and the tenant holds over in the possession of the premises, such holding over is construed to be a tenancy at sufferance. Section 83.04, Florida Statutes 1971, F.S.A. During such period the tenant is liable for the reasonable rental value of the property, and the tenant may, in fact, be liable for double the monthly rental upon appropriate demand by the landlord. David Properties, Inc. v. Selk, 151 So.2d 334 (Fla.App. 1963); Section 83.06, Florida Statutes 1971, F.S.A. It follows, a fortiori, that the landlord is entitled to a reasonable rent for that period of time that the tenant was wrongfully in possession of the building. Count eight of the counterclaim was certainly adequate; although not artfully drawn or a model one, it was nevertheless sufficient to withstand a motion to dismiss. As to the remaining counts of the counterclaim, the trial court correctly dismissed them.
We now turn to consider whether the crossclaim states a cause of action against Equipment for breach of warranty of title. The crossclaim alleges that Equipment sold the land and building in question to Nelson by warranty deed; that Tractor was in possession under a written lease; that Tractor refused to vacate the building upon expiration of the term set forth in the lease; that therefore Nelson was compelled to bring an action against Tractor in order to gain possession; and that the above constitutes a breach of the warranty of title.
The warranty deed included the covenants of seisin, right to convey, against incumbrances, quiet enjoyment, and warranty. The particular covenant with which we are here concerned is the covenant of seisin. The covenant of seisin is an assurance that the grantor has the very estate in quantity and quality which he purports to convey. And where the grantee is required to sue to obtain possession against one holding adversely to the grantor, a proper recovery is the taxable costs and reasonable attorneys' fees expended by the grantee in securing possession. Williams v. Azar, 47 So.2d 624 (Fla. 1950).
In the instant case, we note the crossclaim alleges no facts from which one could infer that Tractor was claiming adversely to Equipment, the grantor at the time of the conveyance to Nelson, and that the tenancy at sufferance was not created until after Equipment had divested itself of all interest in the property and the lease had expired. Therefore, the crossclaim was properly dismissed as it alleged no facts which would show that the tenant was possessing adversely to the grantor at the time of the conveyance. In the absence of such facts, the counterclaim does not state a cause of action against Equipment for breach of the covenant of seisin.
Accordingly, the judgment of the trial court is affirmed in part and reversed in part, and the cause remanded for further proceedings consistent with the views herein expressed.
Affirmed in part; reversed in part and remanded.
WALDEN and MAGER, JJ., concur.
NOTES
[1] Nelson received a favorable judgment in that case.