349 So.2d 183 (1977)
B.W.B. CORPORATION et al., Appellants,
v.
Joseph B. MUSCARE et al., Appellees.
No. 76-1138.
District Court of Appeal of Florida, Third District.
July 6, 1977.
Rehearing Denied September 13, 1977.
Robert M. Brake, Coral Gables, for appellants.
Charles A. Gould, Jr., Miami, for appellees.
Before HAVERFIELD, NATHAN and HUBBART, JJ.
*184 NATHAN, Judge.
Appellants, William S. Barkett, Sr., Eloise J. Barkett and B.W.B. Corporation are defendants in a suit by attorneys for services rendered defendants in a quiet title action. Appellants, as defendants therein, had filed a third party complaint against Joseph P. Muscare and Helen F. Muscare alleging that the Muscares had sold and conveyed to them the real property involved in the quiet title suit, at which time the Muscares concealed an unrecorded outstanding contract for sale of the property to a third party. Thus, appellants alleged that it was the Muscares responsibility to pay the attorneys and costs of the quiet title suit. A judgment for attorney's fees and costs was entered against appellants. This appeal is from a jury verdict and judgment in favor of the Muscares on appellants' third party complaint.
The essential facts are not in dispute. In September of 1966, the Muscares leased the property to Tropicana Country Club, Inc., for one year, with an option to purchase the property, which option and lease were recorded. In March of 1967, Tropicana exercised the option and the Muscares and Tropicana signed a contract of purchase and sale which was not recorded. The transaction was never closed. Tropicana subsequently vacated the property, with neither party signing a release. In November of 1969, the Muscares conveyed the property to appellants by warranty deed. At the closing, the Muscares signed an affidavit which stated:
"[T]he above-described property is free and clear of all liens, taxes, encumbrances and claims of every kind, nature and description whatsoever, except for mortgages, if any, described in the Deed given between the parties named herein, and except for real estate and personal property taxes for the year 1969."
Shortly after the purchase, appellants applied for a mortgage loan, at which time the title company advised appellants concerning the cloud on their title. A second affidavit was thereafter executed by the Muscares wherein it was stated that the option to purchase had never been exercised by the country club.
Appellants first contend that since the Muscares executed affidavits stating that the subject property was free and clear of all encumbrances and that Tropicana Country Club could not and would not exercise its option to purchase the property, these statements were a fraud on appellants and therefore appellants were entitled to a judgment as a matter of law. Appellants next contend that since the Muscares breached the covenants contained in the warranty deed, the court should have directed a verdict at the close of all the evidence. We agree with this second argument.
The Muscares gave appellants a warranty deed which is substantially the same as the form for warranty deeds prescribed by Section 689.02, Florida Statutes (1975). Section 689.03, Florida Statutes (1975), provides that a conveyance executed substantially in the form set out in Section 689.02 "shall be held to be a warranty deed with full common law covenants, and shall just as effectually bind the grantor, and his heirs, as if said covenants were specifically set out therein."
The usual common law covenants included in a warranty deed in Florida are the covenants of seisin, good right to convey, quiet enjoyment against encumbrances and that the grantor will warrant and defend the title. Coral Gables, Inc. v. Payne, 94 F.2d 593 (4th Cir.1938). The covenant of seisin has been described as "an assurance that the grantor has the very estate in quantity and quality which he purports to convey." Burton v. Price, 105 Fla. 544, 141 So. 728 (1932).
In the instant controversy, there was an outstanding contract for sale of the property between the Muscares and the Tropicana Country Club. A contract to sell real property has long been held to establish the vendee as the beneficial owner of the property, with the vendor retaining only naked legal title in trust for the vendee as security for the latter's performance. In re Estate of Sweet, 254 So.2d 562 *185 (Fla.2d DCA 1971). This equitable interest resides in the vendee even though he has not paid the purchase price. Aycock Bros. Lumber Co. v. First National Bank of Dothan, 54 Fla. 604, 45 So. 501 (1907). Thus, since Tropicana had an equitable interest in the Muscare's property at the time that it was conveyed to appellants, the Muscares did not have the quality of estate which they purported to convey through the warranty deed. The Muscares therefore breached the covenant of seisin. For this reason, we hold that appellants were entitled as a matter of law to recover the costs which they were required to expend in order to quiet title. In light of this holding, it will not be necessary to consider appellants' other point on appeal.
The order of the trial court is reversed with directions that judgment be entered in favor of appellants on their third party complaint and the cause remanded for a determination of the amount of damages sustained by appellants in prosecuting the quiet title suit.
Reversed and remanded.