ERVIN, Judge.
Ms. Skipper appeals a judgment of damages in a direct action filed by her against her covenantors for breach of an encumbrance entered in her favor, arguing that the damages awarded were inadequate and that the court erred in failing to award her a reasonable attorney’s fee for successfully prosecuting the suit to remove the encumbrance. We affirm.
As to the damages involved for the cost of removing the encumbrance, her house, which was partially on her lot line, we find that the court’s award of $3,575.00 damages was supported by competent substantial evidence.
In its final judgment, relating to the award of attorney’s fees, the court stated: “6. The element of attorney’s fees as a recoverable item of damages is denied. Such fees are considered when litigation with third parties is necessary to remove the encumbrance.”
There is a division of authority as to whether a plaintiff is allowed to recover costs and attorney fees as part of his damages for breach of covenant. Some cases allow him to recover only the amount of purchase money and expenses. Others allow him to be awarded also the amount he is compelled to pay as costs and expenses in defense of the title, including attorney fees. See Annot., 61 A.L.R. 154-166 (1929); supplemented at 100 A.L.R. 1203-1204 (1936). Those cases cited in the annotations which do allow recovery of attorney fees, however, appear to limit a covenantee to recover his fees from the covenantor only after the covenantee has become legally obligated in a separate action either to maintain or defend title to the premises conveyed. 61 A.L.R. at 161-162.
The general rule relating to expenses of litigation caused by a breach of contract is stated in 5 Corbin Contracts Section 1037, pages 225-226 (1964), as follows:
“Among the losses suffered by a plaintiff because of the defendant’s breach of *809 contract may be the expenses of litigation. Such expenses are losses suffered by reason of the defendant’s breach; and they differ, therefore, from the expenditures by the plaintiff in part performance of his contract before the defendant’s breach. They are affirmatively subtracted from the plaintiff’s wealth, and are not expected gains from performance of the contract that have been prevented. If the plaintiff can show that the defendant’s breach of contract has caused litigation involving the plaintiff in the payment of counsel fees, court costs, and the amount of a judgment, and shows further that such expenditure is reasonable in amount and could not have been avoided by him by reasonable and prudent effort, he can recover damages against the defendant measured by the amount of these expenditures. The rale just stated does not deal with the cost of litigation with the defendant himself1” (Emphasis supplied.)
Florida cases on the subject allow the recovery of attorney fees by the covenantee expended by him in a separate action. Thus a covenantee has been allowed to bring an action against his covenantor for attorney fees and costs expended necessary to quiet title in a separate action necessary to remove an inchoate right of dower in real estate conveyed to the covenantee.[1] In another case the Supreme Court held that a covenantee could maintain an action against a covenantor seeking the taxable costs and reasonable attorney’s fees paid by the covenantee in bringing a quiet title action against third parties who were in adverse possession of the property at the time the property was conveyed to the cov-enantees.[2] More recently the Third District Court of Appeal held that covenantees, sued by attorneys who had represented them in a quiet title action brought by them against a third party who held an interest in property conveyed to the covenantees, could file a third party complaint against their cove-nantors for attorney fees owed by them in the quiet title suit which was caused by the covenantors’ breach of the covenant of sei-sin.[3]
We have been unable to find any cases which allow the assessment of costs and attorney’s fees in a primary action brought by the covenantee against the cov-enantor for breach of covenants. While it may seem unreasonable to allow a party to recover his costs after a separate action has been maintained but preclude him from doing so in the direct action against the party responsible for the breach, we must bow to the wisdom of the great weight of authority so holding.
AFFIRMED.
SMITH, J., concurs.
MILLS, Acting C. J., concurring in part, dissenting in part.

. Gore v. General Properties Corp., 149 Fla. 690, 6 So.2d 837 (1942).

. Williams v. Azar, 47 So.2d 624 (Fla. 1950).

. B. W. B. Corporation v. Muscare, 349 So.2d 183 (Fla. 3rd DCA 1977).