455 So.2d 463 (1984)
Miguel MURCIANO, Appellant,
v.
Jose Antonio URROZ, a/K/a Jose Urroz Mayorga, Appellee.
No. 83-2022.
District Court of Appeal of Florida, Third District.
August 7, 1984.
Rehearing Denied September 17, 1984.
*464 Armstrong & Mejer and Timothy Armstrong, Coral Gables, for appellant.
Steven R. Berger, Pomeroy, Betts & Miller, Miami, for appellee.
Before NESBITT, BASKIN and FERGUSON, JJ.
BASKIN, Judge.
This is an action based upon fraud, conspiracy to defraud, and conspiracy to convert property. The trial court entered judgment against appellant Murciano in accordance with the jury verdict awarding appellee Urroz compensatory and punitive damages. We reverse the damage award.
The basic facts involve a thwarted attempt by Urroz to purchase an aircraft to start a crop dusting business. Based upon representations made by Murciano that his employer, Nigel Winfield, could deliver an aircraft to Urroz within three months, Urroz gave Murciano a $10,000 deposit. However, the airplane was never delivered and the deposit was never returned.
We are compelled to reverse the damage portion of the final judgment because of the trial court's error in instructing the jury that Urroz was entitled to recover lost profits. It is axiomatic that to establish lost profits, a litigant must prove that his business has earned profits for a reasonable time anterior to the breach. New Amsterdam Casualty Co. v. Utility Battery Mfg. Co., 122 Fla. 718, 166 So. 856 (1936); A & P Bakery Supply & Equipment Co. v. Hawatmeh, 388 So.2d 1071 (Fla. 3d DCA 1980); Conner v. Atlas Aircraft Corp., 310 So.2d 352 (Fla. 3d DCA), cert. denied, 322 So.2d 913 (Fla. 1975). The record in the present case reveals that appellee Urroz had not started his crop dusting business at the time of the breach which occurred when the aircraft he sought to purchase was not delivered. Accordingly, he was not entitled to an award of lost profits. New Amsterdam Casualty Co.; A & P Bakery Supply & Equipment Co.
Reversed and remanded for a new trial as to damages. The trial court should insure that the issue of lost profits is not submitted to the jury.