464 So.2d 214 (1985)
E.F.K. COLLINS CORP., Appellant,
v.
S.M.M.G., INC., a Florida Corporation, Appellee.
No. 84-879.
District Court of Appeal of Florida, Third District.
February 19, 1985.
Jacobson & Gottlieb and Scott R. Gill, Hollywood, for appellant.
Kwitney, Kroop & Scheinberg and John F. Paulin, Jr., Miami Beach, for appellee.
Before BARKDULL, HENDRY and BASKIN, JJ.
HENDRY, Judge.
E.F.K. Collins Corp. appeals from a final judgment of the trial court finding appellant liable for violating a sublease restriction by operating a shooting gallery game machine which directly competed with appellee's game room, and assessing $37,965.50 as damages, plus costs of $122.50. We reverse and remand for a new trial.
We are compelled to reverse on the issue of damages because appellee failed to establish that it in fact suffered any loss. The complained of competition took place in 1982. Appellee's president did not place any documents from 1981 into evidence to substantiate what its earnings were before the alleged competition occurred. It introduced evidence as to what was earned in 1982, when there was direct competition, and 1983, at which point the shooting gallery game machine was no longer open. Curiously, testimony at trial appeared to prove that appellee earned far more money in 1982, with the competition *215 than in 1983, after the shooting gallery was closed. The $37,965.50 awarded by the trial court is the difference between what was earned in 1982 and what was earned in 1983. Without the records from 1981, it is impossible to determine whether the competition was in fact detrimental, or whether the shooting gallery game machine was fortuitous in that it also increased profits at appellee's game room by attracting more game players into the building. It is axiomatic that to establish lost profits, a litigant must prove that his business has earned profits for a reasonable time anterior to the breach. Murciano v. Urroz, 455 So.2d 463 (Fla. 3d DCA 1984); Born v. Goldstein, 450 So.2d 262 (Fla. 5th DCA 1984). While a trial judge is vested with reasonable discretion in awarding damages, there must be a reasonable basis in the evidence for the amount awarded. U.S. Home Corp. v. Suncoast Utilities, Inc., 454 So.2d 601 (Fla. 2d DCA 1984); Clearwater Associates v. Hicks Laundry Equipment Corp., 433 So.2d 7 (Fla. 2d DCA 1983). There is no such evidence here.
We further find that appellee did not establish by competent, substantial evidence that it had brought the proper defendant before the trial court. Appellee introduced what purported to be a sublease agreement between Nathan's Famous of Miami Beach, Inc. (the original operator of the restaurant where the shooting gallery machine was later installed) and appellant. It was this agreement which allegedly gave appellant control over the game machine.[1] However, appellee was not a party to the agreement, nor did it introduce testimony from anyone who was a party. It introduced a mere copy of the agreement. The agreement was not listed on appellee's pretrial catalogue of exhibits nor did appellee make any demand upon appellant to produce the original of the agreement. Since appellee did not comply with either section 90.901, (requirement of authentication or identification) or section 90.952 (requirement of originals), Florida Statutes (1981), the agreement should not have been allowed into evidence. On retrial, appellee will have to introduce better direct evidence to support its contention that appellant had the requisite control over the premises to be the proper defendant in this cause.[2]
Reversed and remanded for a new trial.
NOTES
[1] By this agreement appellant allegedly became appellee's landlord, taking over the sublease between Nathan's and appellee which contained the restrictive covenant.
[2] Appellee's president testified that he did not know what entity in fact operated the game machine.