474 So.2d 369 (1985)
PEARCE & Pearce, Inc., D/B/a Pearce Corporation, a Missouri Corporation, Appellant/Cross-Appellee,
v.
KROH BROTHERS DEVELOPMENT COMPANY, a Missouri Corporation, and Medical Office Building Investors, Ltd., a Florida Limited Corporation, Appellees/Cross-Appellants, and
William E. Arnold Company, a Florida Corporation, and Federal Insurance Company, a New Jersey Corporation, Appellees/Cross-Appellees.
No. AZ-324.
District Court of Appeal of Florida, First District.
August 13, 1985.
Herbert R. Kanning and Jack W. Shaw, Jr. of Mathews, Osborne, McNatt, Gobelman & Cobb, Jacksonville, for appellant/cross-appellee.
Adam G. Adams, II, and Adam G. Adams, III of Adams & Adams, Jacksonville, for appellee/cross-appellee William E. Arnold Co.
*370 Howard L. Dale and Katherine Brown of Pajcic, Pajcic, Dale & Bald, Jacksonville, for appellees/cross-appellants Kroh Bros. Development Co. and Medical Office Bldg. Investors, Ltd.
SMITH, Judge.
Appellant seeks reversal of an amended final judgment entered after a non-jury trial holding it solely liable for damages resulting from the breach of a construction contract with appellees Kroh Brothers Development Company (Kroh) and Medical Office Building Investors (MOBI). Kroh and MOBI cross-appeal the amount of damages awarded by the trial court. Finding no reversible error, we affirm.
Appellees Kroh and MOBI sued appellant Pearce & Pearce, Inc. (Pearce) and William E. Arnold Company (Arnold), alleging faulty design, as well as defective construction, of a medical office complex known as the Dillon Professional Building in Jacksonville, Florida. The complaint alleged that as a result of negligent construction by Arnold and negligent design by Pearce, the Dillon building suffered damage due to interior water leakage. Arnold was the general contractor during construction, and Pearce was the architectural firm which drew up the plans and specifications utilized by Arnold. Kroh was a general partnership involved in constructing office complexes; MOBI was a limited partner of Kroh. MOBI was the title owner of the Dillon building until June 1, 1983, when the building was sold to another limited partnership, Dillon Medical Building, Ltd. This sale occurred subsequent to the filing of appellees' complaint but prior to trial.
Pearce raises two issues on appeal. First, it asserts that the trial court erred in failing to hold Arnold at least partially liable for the damage that resulted from water leakage into the Dillon building. In support of its contention that Arnold engaged in negligent construction practices, Pearce cites testimony regarding Arnold's failure to use full head and bed joints in the masonry work, Arnold's alleged negligent positioning of the building's windows so as to block drainage devices known as "weeps," and Arnold's alleged failure to adequately caulk the window units' mullions, resulting in gaps between the windows and outside brick work. Second, Pearce maintains that the trial court erred as a matter of law and fact in determining the amount of damages to be awarded to Kroh and MOBI for repairing the water leakage problem.
As to the issue of the amount of the damage award, we note that there are two basic contentions: First, Pearce contends that the trial court erred in utilizing the cost of repairs, rather than the diminution in the building's value, as the proper measure of damages. Pearce argues that as no evidence was introduced regarding diminution in the Dillon building's value, the trial court's ruling on the issue of appellees' damages is void for lack of an evidentiary base. Secondly, Pearce contends that the trial court erred by accepting the most expensive, alternative method of repair as the basis for the damage award, rather than less expensive methods which would have been effective in solving the leakage problems.
Were this court the trier of fact in the case at bar Pearce's arguments, forcefully delivered, for a result contrary to that reached by the trial judge, would merit our careful consideration. However, our role on appeal is to determine whether competent, substantial evidence supports the trial court's finding that Arnold's admittedly negligent workmanship in constructing the masonry of the Dillon building "did not add significantly to the building's water leakage problem." In contradiction to testimony supporting Pearce's arguments, appellees offered below the testimony of three experts in architectural design who opined that Pearce was negligent in failing to include components known as "flashings" in the plans and specifications.[1] These experts *371 testified that the flashings would have prevented the majority of water leakage suffered by the Dillon building, and that failure to include flashings in the building's design specifications was the major contributor to leaks being experienced. Furthermore, testimony to the effect that 100% leak-proof masonry walls were not "customarily obtained under field conditions," renders less significant  on the issue of causation  the evidence regarding Arnold's negligent construction. Thus, the trial court's finding that Arnold's negligence was not a concurrent cause of the damage suffered by appellants was not an impermissible view of the evidence. Compare De La Concha v. Pinero, 104 So.2d 25 (Fla. 1958) (where both defendant and third party are negligent, but third party's negligence is the sole proximate cause of plaintiff's injury, plaintiff cannot recover from defendant). We find no reversible error in the trial court's judgment holding Pearce solely responsible for the defective condition of the building.
Pearce also fails to demonstrate error in the trial court's computation of the damages to Kroh and MOBI. Pearce's contention that the proper measure of damages in this case is the diminution in value to the Dillon building caused by the water leakage, rather than the cost of repairs measure utilized by the trial court, is contrary to Grossman Holdings, Ltd. v. Hourihan, 414 So.2d 1037 (Fla. 1982), which held that either diminution in value or the cost of repairs is a proper measure of damages for breach of a construction contract, absent evidence of "economic waste," Id., at 1039. Here, the cost of repairs as found by the trial court was $198,000.00, an amount that can hardly be characterized as "unreasonable economic waste" in repairing the Dillon building, which was valued at trial at $4.9 million.[2] Further, Pearce's assertion that the trial court erred in its choice of the most costly repair method is likewise unavailing. Pearce mischaracterizes as "uncontroverted" the evidence tending to show that each alternative method of repair was equally effective. On the contrary, appellees elicited on cross-examination of appellant's experts numerous qualifications as to each alternative (and less costly) method suggested by Pearce to solve the building's water leakage problem. Thus, we find the evidence on this issue was conflicting. The general rule is that the extent of damages determined by a trial court is a question of fact which will be affirmed on appeal if supported by competent, substantial evidence. Compare E.F.K. Collins Corp. v. S.M.M.G., Inc., 464 So.2d 214 (Fla. 3d DCA 1985) (trial court is vested with reasonable discretion in awarding damages where a reasonable basis exists in the record for the amount awarded) (citations omitted). *372 Here, an examination of the record below leads us to conclude that a reasonable evidentiary basis exists supporting the extent of damages awarded by the trial court. Accordingly, we affirm the trial court's ruling on damages. E.F.K. Collins, supra, at 215.
Turning now to appellees' cross-appeal, we likewise find no reversible error. Kroh and MOBI contend that the trial court erred in failing to award damages to the extent claimed by them for alleged water damage in the interior of the Dillon building, and in declining to allow them recovery of the costs of their investigation into the building's water leakage problem.[3] Cross-appellants point to the testimony of their various building managers concerning complaints from the Dillon building's tenants after each heavy rain storm, and of Donald Jones, president of Kroh, who observed water leakage on a personal inspection of the building after a 1981 rain storm, and contend that this uncontroverted evidence establishes the amount of damages occasioned by interior water leakage. Cross-appellees, on the other hand, offer testimony to the effect that cross-appellants made actual expenditures of only $791.30 for the alleged interior damage, footnote 3, supra, and that the occupancy rate of the Dillon building had increased over the seven year period of the leaks from 70% to approaching 100%. Additional testimony on this issue could be recounted. However, the foregoing recitation gives an adequate view of the conflicting nature of the evidence adduced. Suffice it to say, we find the trial court did not abuse its discretion in analyzing the issues involved on appellees' cross-appeal and that the trial court's factual findings upon which its judgment was based were supported by competent, substantial evidence. E.F.K. Collins, supra.
Accordingly, the judgment appealed from is affirmed in its entirety.
AFFIRMED.
MILLS and THOMPSON, JJ., concur.
NOTES
[1] According to the testimony, these particular flashings should have been installed inside the masonry walls of the structure so as to reroute any water penetrating the wall, via permeation, from the building's interior to its exterior.
[2] Appellant alternatively suggests that diminution in value is the proper measure of damages in this case due to MOBI's sale of the property prior to trial, citing Wentworth v. Airline Pilot's Association, 336 A.2d 542 (D.C.App. 1975). Appellant contends that such a rule comports with common sense since, it asserts, one should not be able to recover as damages costs which will never be incurred. Appellant then reiterates its contention that since appellees introduced no evidence regarding diminution in value, the trial court's findings regarding damages are without evidentiary support. We reject this argument. It has been held that the owner of a building who sues on a breach of construction contract based on faulty construction may recover the costs of his repairs even though testimony regarding the diminution in value of the property was speculative. Davis v. Stow, 60 So.2d 630 (Fla. 1952). Moreover, we do not believe that MOBI's sale of the subject property prior to trial affects appellees' right to recover damages for a breach of construction contract which occurred prior to sale. See, subsection 346(1)(a), Restatement (First) of Contracts (1932), adopted as the law of Florida in Grossman Holdings, supra. Appellant's contention that common sense is violated by granting damages to a party who sells a parcel of damaged real property prior to trial is best answered by Greene v. Bearden Enterprises, Inc., 598 S.W.2d 649 (Tex.Civ.App. 1980), where that court rejected a similar contention with the observation that "there is no requirement recognized that [a plaintiff] spend any recovery [it] may receive to make the repairs," Id., at 653. We add that it may be logically presumed, without the necessity for specific proof on the issue, that the defective condition of the building is reflected in the purchase price received on sale.
[3] The trial court awarded Kroh and MOBI $791.30, representing cross-appellants' actual expenditures for alleged interior damage over the seven-year period covered by this dispute.