542 So.2d 480 (1989)
C. Richard BURKETT and E. Stewart Forrester, Appellants/Cross-Appellees,
v.
Bernard L. RICE and Mary F. Rice, Appellees/Cross-Appellants.
No. 88-02577.
District Court of Appeal of Florida, Second District.
May 5, 1989.
Alexander G. Paderewski, Sarasota, for appellants/cross-appellees.
James C. Clark of the Law Offices of James C. Clark, Sarasota, for appellees/cross-appellants.
PER CURIAM.
In this appeal we affirm the judgment in favor of the buyers of residential property who suffered damages when the sellers failed to reveal facts, known to the sellers but not to the buyers, which materially affected the value of the property. The judgment is supported by substantial, competent evidence. Johnson v. Davis, 480 So.2d 625 (Fla. 1985).
We reverse on the cross-appeal. The court erred when it failed to award to the buyers attorneys' fees which are provided to the prevailing party in any litigation arising out of the parties' sales contract. *481 Contrary to the appellants' contention, this contract provision is not merged into the warranty deed. See Am. Nat'l Self Storage, Inc. v. Lopez-Aguiar, 521 So.2d 303 (Fla. 3d DCA 1988) (collateral agreements not usually included in terms of a deed are not affected by merger rule). Further, the trial court, without knowledge of our recent decision and opinion in Thomas v. Toth, 539 So.2d 8 (Fla. 2d DCA 1989), awarded prejudgment interest from the date of the correction of the defect rather than from the date of the closing. On remand the trial court should enter an award of attorneys' fees and recompute the prejudgment interest.
Affirmed in part, reversed in part, and remanded with instructions.
RYDER, A.C.J., and DANAHY and FRANK, JJ., concur.