578 So.2d 17 (1991)
Clarence A. TIBBETTS and Edna W. Tibbetts, Appellants,
v.
Jack NICHOLS and Joyce Nichols, Appellees.
No. 90-1644.
District Court of Appeal of Florida, First District.
April 9, 1991.
*18 D. Michael Chesser, of Chesser, Wingard, Barr, Whitney, Flowers & Fleet, Shalimar, for appellants.
James G. Etheredge, Ft. Walton Beach, for appellees.
ERVIN, Judge.
Appellants, Clarence and Edna Tibbetts, appeal a damage award entered against appellees, Jack and Joyce Nichols, urging that it is inadequate and fails to include prejudgment interest and attorney's fees. We reverse and remand.
In February 1983, the Tibbetts purchased a small trailer park from the Nichols. After closing, they were informed that in 1979 George Rodrigue had obtained a twenty-year lease of a lot in the park, with a ten-year option to extend, from William Zuppa, a former owner of the property, and that Rodrigue's rent was limited under the terms of the lease to $20 per month. The Tibbetts brought suit against Rodrique for a declaratory judgment, seeking a determination regarding whether they were required to honor the terms of Rodrique's lease. Both Zuppa and the Nichols were joined as indispensable parties to the suit. After trial on the liability issue, the court concluded that Rodrigue's lease was valid and binding, and that the Nichols thereby breached the covenants contained in their warranty deed to the Tibbetts, making them liable to the Tibbetts for damages. The court reserved jurisdiction to determine the amount of damages.
At the later hearing on damages, the Tibbetts offered into evidence the appraisal of real estate appraiser Billy D. Teel, who determined that the existence of the lease encumbrance at the time of closing diminished the value of the property between $4,588 and $5,864. He considered the most appropriate amount within this range to be $5,000 at the date of closing, which was equivalent to $8,537 on December 22, 1988, the date of his inspection.
Teel also calculated the value of the lease to the lessee over the "second ten year option period of the lease," which resulted in a figure of $10,500. The present value of this amount was $7,517. By adding $1,000 as an amount representing the costs to Rodrigue of relocating his mobile home to another park, Teel concluded that "the total amount which might convince the lessee to break the lease would be approximately $8,517.00." Therefore, if the Tibbetts were to sell the property to a buyer with knowledge of the lease, the buyer would discount the purchase price by $8,517.
*19 The trial court awarded plaintiffs $8,500 damages plus costs, to be determined at a later time. We are unable to decide how the trial court arrived at this final figure. Teel's report, upon which the trial court presumably relied,[1] is unclear. Teel initially concluded that the present value of the loss the Tibbetts incurred was $8,537. Teel did not, however, indicate whether he calculated the lease period through 1999, the end of the twenty-year term, or through 2009, the expiration date of the ten-year option period. In the next portion of the appraisal, however, Teel referred to both "the remaining 10 years of the lease"  which implies the expiration of the lease in 1999  and the "second ten year option period of the lease," referring to the option to renew for ten years after 1999. In the chart in which Teel calculated the value of the lease to the lessee, the extended ten-year period was designated the "option years." Thus, it is unclear from the record (1) whether the ten-year option period was included in Teel's initial calculation of the loss in value to the plaintiffs at the time of purchase, and (2) whether the second figure Teel calculated, $8,517, represents the value of the lease to the lessee for the remaining ten years of the lease, or the ten-year option period of the lease. We remand with instructions to the court either to make further findings or to conduct another evidentiary proceeding to resolve this ambiguity.
In determining an appropriate amount of damages, the court should consider that the Tibbetts are entitled to recover an amount that encompasses the option period,[2] if the court concludes that it is reasonably likely that Rodrigue will, in fact, exercise the option. Cf. Taco Nacho, Inc. v. Hasty House Restaurants, Inc., 436 So.2d 403 (Fla. 1st DCA 1983) (sublessee is entitled to recover the value of a renewal option as damages for breach of lease, if the trier of fact reasonably believes lessee would have exercised the option); State Road Dep't v. Tampa Bay Theaters, Inc., 208 So.2d 485 (Fla. 2d DCA) (lessee is entitled to compensation for option period if the jury believes the lessee would have exercised the option had condemnation proceeding not been pending), cert. denied, 212 So.2d 869 (Fla. 1968). The court is instructed to determine on remand whether it is likely that Rodrigue will exercise the option.
We also conclude that the trial court erred in failing to award prejudgment interest pursuant to Argonaut Insurance Co. v. May Plumbing Co., 474 So.2d 212 (Fla. 1985). We direct the court to determine on remand the Tibbetts' damages as of the date of closing, and to award prejudgment interest at the statutory rate from that date. Burkett v. Rice, 542 So.2d 480 (Fla. 2d DCA 1989); Thomas v. Toth, 539 So.2d 8 (Fla. 2d DCA 1989).
Finally, we conclude that the Tibbetts were entitled to recover the attorney's fees they incurred in their litigation against lessee Rodrigue. A covanantee is entitled to recover attorney's fees expended in a suit to maintain or defend title against a third party when the third-party action was made necessary by the covenantor's breach of covenant. Williams v. Azar, 47 So.2d 624 (Fla. 1950); Skipper v. McMillan, 349 So.2d 808 (Fla. 1st DCA 1977); Needle v. Lowenberg, 421 So.2d 678 (Fla. 4th DCA 1982), review denied, 427 So.2d 737 (Fla. 1983); Nelson v. Growers Ford Tractor Co., 282 So.2d 664 (Fla. 4th DCA 1973). Although this rule is typically applied to permit recovery when an attorney's services are rendered in a separate action, it appears from our review of the pertinent authorities that the circumstance justifying such an award is the necessity of entering into litigation against a third party, and not whether the action is separate or part of the lawsuit against the covenantor. See, e.g., Annotation, Liability of Grantor in Deed With Convenants, For Expense of Grantee's Successful Litigation *20 With Third Party, 105 A.L.R. 729, 739 (1936); Annotation, Measure of Damages for Breach of Covenants of Title in Conveyances or Mortgages of Real Property, 61 A.L.R. 10, 171 (1929).
This action was initially a petition for a declaratory decree, which appellants filed first against Rodrigue after he refused, in reliance upon his lease with Zuppa, to comply with appellants' notice raising his rent. Cf. Needle v. Lowenberg, (purchaser was entitled to recover attorney's fees from seller who breached covenant against encumbrances, when third party sued to foreclose judgment lien against purchaser, requiring purchaser to bring third-party action against seller). The Tibbetts are therefore entitled to attorney's fees for the time their attorney spent seeking a determination of the validity of Rodrigue's lease.
REVERSED and REMANDED for further proceedings consistent with this order.
ALLEN and WOLF, JJ., concur.
NOTES
[1] The Nichols presented no evidence at the hearing on damages.
[2] "[T]he measure of damages for the breach of a covenant against encumbrances, where there exists an unexpired lease on the premises, is generally held to be the rental value of the property during the period the purchaser is kept out of possession." 20 Am.Jur.2d Covenants, Conditions, and Restrictions § 146 (1965).