PER CURIAM.
This is an appeal by the defendant collecting bank [Banco Do Estado De Sao Paulo, S.A.] on three sight drafts from an adverse final judgment entered after a non- *904 jury trial in an action brought by the plaintiff drawer of the sight drafts [Inter-Ocean (Free Zone), Inc.] sounding in breach of contract arising from the plaintiffs sale and shipment of goods from Miami, Florida to Manaus, Brazil.
It is undisputed in this record that the defendant, in fact, breached its contractual undertaking with the plaintiff when the defendant released to the buyer the shipped goods consigned to it by the plaintiff without receiving payment from the buyer for such goods on the three sight drafts drawn by the plaintiff and sent to the defendant for collection. The defendant contends, however, that the plaintiff affirmatively assented to a variance of the sight drafts which, it is urged, allowed the defendant to release the consigned goods to the buyer without receiving immediate payment therefor. We cannot agree with this argument because (1) the defendant at no time notified the plaintiff or obtained the plaintiffs consent to release the subject goods without receiving payment on the sight drafts, and, indeed, there is evidence that the defendant refused to respond to the plaintiffs inquiries concerning the transaction after releasing the goods and later attempted to cover-up what it had done; (2) the plaintiff at no time ratified the defendant’s unauthorized action after it discovered what the defendant had done, a discovery which the plaintiff made through its own investigation; and (3) the subsequent unsuccessful efforts by the plaintiff to collect from the buyer by issuing other acceptance drafts to the buyer through a third party, without involving the defendant at all, represents nothing more than the plaintiffs alternative method of collecting on the original sight drafts, was plainly an effort to recoup its losses and was not, as urged, an affirmative assent to the defendant’s unauthorized release of the subject goods without receiving payment from the buyer. See § 673.3-412(3), Fla.Stat. (1991); Oxford Lake Line v. First Nat’l Bank of Pensacola, 40 Fla. 349, 24 So. 480 (1898).
We further find no merit in the defendant’s contention that the trial court incorrectly calculated the damages in this case. Without burdening this opinion with the detailed business records involved in the case, suffice it to say that we are satisfied that substantial, competent evidence was adduced below to support the money judgment entered for the face amount of the three sight drafts, minus appropriate credits, plus interest. See Pearce & Pearce, Inc. v. Kroh Bros. Dev. Co., 474 So.2d 369 (Fla. 1st DCA 1985); S. Kornreich & Sons, Inc. v. Titan Agencies, Inc., 423 So.2d 940 (Fla. 3d DCA 1982).
For the above-stated reasons, the final judgment under review is, in all respects,
Affirmed.