PER CURIAM.
Brian and Nancy Brereton and their company Brink Distributors [herein collectively, “Brereton”] appeal the denial of interest and the amount of damages they were awarded. While a new trial is not required, we must reverse for farther proceedings on two issues. For $591,000, Brereton bought a distributorship from James Evans and his business J. Evans Associates [herein collectively, “Evans”]. In addition to paying more than $800,000 in cash, Brereton executed a promissory note for the balance of the price, $225,-868.22. This sum was to be amortized over 15 years at 8% per annum. Brereton made proper payments for a while but eventually Evans sued Brereton, claiming he had failed to make further payments on the note. Brereton counterclaimed for breach of contract.
In a non-jury trial, the judge ruled against Evans on his claim and in favor of Brereton on his counterclaim. He found, in effect, that because the worth of the distributorship was inflated Brereton had incurred damages of $100,000, plus attorney’s fees and costs of $27,183.45. He ordered payment of the total award to be offset in installments against the outstanding principal balance of $224,061.12. He did not award prejudgment or post-judgment interest.
We reverse, first, because there is no apparent view of the evidence which supports the $100,000 figure awarded as damages. See E.F.K Collins Corp. v. S.M.M.G., Inc., 464 So.2d 214 (Fla. 3d DCA 1985) (while factfinder has reasonable discretion in awarding damages, there must be a reasonable basis in the evidence for the amount awarded). The remedy for this problem is, in part, the one used in Tibbetts v. Nichols, 578 So.2d 17 (Fla. 1st DCA 1991). In Tibbetts, after reviewing all the figures the First District stated that it was unable to decide how the trial court arrived at its final figure. Therefore, the court remanded with instructions to the court either to make further findings or to conduct another evidentiary proceeding to resolve the ambiguity. We, too, remand and instruct the judge to make further findings to explain how he arrived at the $100,000 figure. Otherwise, he must determine a new amount which is supported by the evidence, and if he cannot he must conduct further evidentiary proceedings.
Second, since the factfinder has discretion in this area, we do not find improper the judge’s decision to set off the judgment in installments. See, e.g., Higbee v. Dorigo, 66 So.2d 684 (Fla.1953). On the other hand, the refusal to award interest was improper. In denying prejudgment interest, the judge quoted from Argonaut Ins. Co. v. May Plumbing Co., 474 So.2d 212, 215 (Fla.1985), in which the court stated: “In short, when a verdict liquidates damages on a plaintiffs out-of-pocket, pecuniary losses, plaintiff is entitled, as a matter of law, to prejudgment interest at the statutory rate from the date of that loss.” The judge was wrong in finding no date of loss — Brereton’s date of loss was the date of the closing because at that point the overpayment for the distributorship began. Having to pay an inflated price affected not just the amount of the promissory note but also the amount Brereton paid in cash. Additionally, prejudgment interest should have been awarded because the trial court does not have discretion in deciding whether it is to be awarded. Id. at 215; Mercedes-Benz v. Florescue & Andrews Invs., Inc., 653 So.2d 1067 (Fla. 4th DCA 1995).
As for postjudgment interest, if on remand'the judge again sets the award off in installments against the outstanding principal balance, he must award postjudgment interest. Otherwise — because the payments are to be set off in future installments without postjudgment interest but on the other hand the interest on Evans’ note continues to run at 8% — the $100,000 award is effectively and improperly devalued. If the full amount *928 is awarded at once, then postjudgment interest will only be required as long as the judgment remains unpaid. See § 55.03(1), Fla.Stat.; Lyons v. Wyman, 658 So.2d 1104 (Fla. 4th DCA 1995).[1]
REVERSED and REMANDED for further proceedings.
W. SHARP and THOMPSON, JJ., and P. PADOVANO, Associate Judge, concur.

. This includes postjudgment interest on the costs and fees award as well. See Coggan v. Coggan, 183 So.2d 839 (Fla. 2d DCA), cert. denied, 188 So.2d 820 (Fla.1966) (award of attorney's fees automatically bears interest under the statute).