826 So.2d 520 (2002)
Kenneth G. STEVENS, Appellant,
v.
Chester ZAKRZEWSKI, as Trustee of the 188 Bellingham Avenue Trust u/d/t April 23, 1998, Appellee.
No. 4D02-36.
District Court of Appeal of Florida, Fourth District.
September 25, 2002.
Kenneth G. Stevens, Fort Lauderdale, pro se.
Harvey K. Mattel, Fort Lauderdale, for appellee.
STEVENSON, J.
This is an appeal from an order of the circuit court granting attorney's fees pursuant to a contract. We reverse.
In the underlying action, appellee, Chester Zakrzewski, as trustee, was the purchaser of real property located in Fort Lauderdale and appellant, Kenneth Stevens, was the seller. Appellee obtained a summary judgment against Stevens for breach of contract when, after the closing, appellee discovered a 500-gallon underground oil storage tank buried beneath the property. Zakrzewski alleged that Stevens knew of the existence of the underground tank but failed to inform him of it as required by the contract.[1] The trial court entered judgment in favor of Zakrzewski in the amount of $6,667.20 and any further expenses incurred to clean the site related to the removal of the fuel tank. In addition, the trial court determined that Zakrzewski was entitled to attorney's fees. The issue on appeal strictly involves the entitlement to attorney's fees based on the contract between the parties.
Appellant argues that paragraphs 31 and 34 of the purchase and sale agreement *521 preclude the award of attorney's fees. Paragraph 31 provides:
ATTORNEY FEES AND COSTS: In connection with any arbitration or litigation arising out of this Contract, the prevailing party to the arbitration and/or litigation, whether Buyer, Seller or Brokers, shall be entitled to recover all costs incurred including attorney's fees and legal assistant fees for services rendered in connection therewith, including appellate proceedings and post judgement proceedings.
Paragraph 34 provides:
SURVIVAL OF COVENANTS AND SPECIAL COVENANTS: No provision, covenant or warranty of this Contract shall survive the closing except as expressly provided herein.
Appellant contends that because paragraph 31 did not contain the language "[t]he covenants in this paragraph shall survive the closing," it did not survive the closing. Appellant points out that paragraph 38, involving the disclosure of latent defects, did contain such language. Appellee counters that the attorney's fee provision survived the closing because paragraph 31 states the prevailing party shall be entitled to attorney's fees in connection with "any" litigation arising out of the contract. According to appellee, using the word "any" means that the provision was intended to survive the closing. We disagree.
It is well-settled that when entitlement to attorney's fees is based on the interpretation of contractual provisions as a pure matter of law, an appellate court will undertake a de novo review to determine the appropriate construction of the contract. See Gibbs Constr. Co. v. S.L. Page Corp., 755 So.2d 787, 790 (Fla. 2d DCA 2000). "Every provision in a contract should be given meaning and effect and apparent inconsistencies reconciled if possible." U.S.B. Acquisition Co. v. Stamm, 660 So.2d 1075, 1080 (Fla. 4th DCA 1995).
We find that the contract language should be governed by the plain meaning of the words employed. Paragraph 34 states that "no" provision of the contract shall survive the closing except as "expressly provided herein." Unlike paragraph 38, which expressly declared that the provision would survive the closing, paragraph 31 fails to include such express language. Absent such a clear expression, we conclude that the attorney's fees provision in paragraph 31 did not survive the closing.
We reverse the award of attorney's fees.[2]
SHAHOOD and MAY, JJ., concur.
NOTES
[1] The sale and purchase agreement provided in part that: "[s]eller is not aware of any prior existing environmental condition ... that may give rise as against Seller or the property to an action."
[2] Appellee relies on Burkett v. Rice, 542 So.2d 480, 481 (Fla. 2d DCA 1989), for its holding that an attorney's fee provision in a contract for sale of property does not merge into the warranty deed. Burkett is not necessarily controlling here since the outcome in the instant case must be controlled by the parties' agreement.