LaROSE, Judge.
Anton, Rudolf, and Waltraud Reiterer appeal a final judgment awarding attorney’s fees to Alexandra Monteil in her lawsuit against the Reiterers for nondisclosure of liens on real property they sold to her. We reverse.
The Reiterers conveyed the property to Ms. Monteil through a warranty deed. Ms. Montiel purchased title insurance from Network Title of Florida, LLC, underwritten by Attorneys Title Insurance Fund, Inc. Two undisclosed sewer assessment liens of the Lee County Utilities Division encumbered the property. Later learning of the liens, Ms. Montiel sued Network Title, Attorneys Title, and the Reiterers for breach of warranty deed, damages, and attorney’s fees and costs. Attorneys Title satisfied the liens, and then filed a successful cross-claim against the Reiterers to recover its payment and attorney’s fees. Our record reflects no attempt by Ms. Montiel to recover her attorney’s fees from the title companies.
Ms. Monteil sought summary judgment against the Reiterers to recover her attorney’s fees. The purchase/sale contract between Ms. Monteil and the Reiterers did not provide for prevailing party attorney’s fees. To the contrary, it called for binding arbitration, with each party, generally, to pay his or her own attorney’s fees. Fees could be awarded only to a party who successfully sued to enforce an arbitration award. At an initial stage of the lawsuit, the Reiterers moved to compel arbitration. The trial court denied the motion, finding that they had waived arbitration by participating in the litigation.
The trial court referred Ms. Mon-teil’s summary judgment motion to a general master. He recommended an award of fees and costs against the Reiterers. The general master concluded that a prevailing covenantee could recover fees from a covenantor who breached the covenant against encumbrances. The trial court adopted the recommendation and awarded attorney’s fees and costs to Ms. Monteil. Florida law supports no such award.
Florida adheres to the American Rule: “attorney’s fees may be awarded by a court only when authorized by statute or by agreement of the parties.” State Farm Fire & Cas. Co. v. Palma, 629 So.2d 830, 832 (Fla.1993). Absent such authorization, generally, a litigant pays for his or her own fees in a lawsuit. Pepper’s Steel & Alloys, Inc. v. United States, 850 So.2d 462, 465 (Fla.2003) (citing Palma, 629 So.2d at 832). We hesitate to create exceptions to this rule. See Fla. Patient’s Comp. Fund v. Rowe, 472 So.2d 1145, 1148 (Fla.1985) (explaining that Florida has recognized only limited exceptions to the American Rule). Regardless, Ms. Monteil urges us to allow fees when a covenantee sues a covenantor to remove encumbrances. She principally relies on Gore v. General Properties Corp., 149 Fla. 690, 6 So.2d 837 (1942). In Gore, the purchaser sued the seller for breach of warranty; the seller failed to convey clear title because of a third-party encumbrance. Id. at 838. As part of his damages, the purchaser sought attorney’s fees he incurred in a separate suit against the third party to quiet title to the property. Id. at 839. The supreme court agreed, holding that the measure of damages for breach of the covenant against encumbrances should include the reasonable “amount paid or the costs necessarily incurred to remove, the encumbrance....” Id. at 841.
Williams v. Azar, 47 So.2d 624, 627 (Fla.1950), is to the same effect. There, the supreme court held that a purchaser *588 could recover from the seller attorney’s fees expended in an ejectment action against third parties to secure possession of real property held adversely to the seller. Id; accord, Nelson v. Growers Ford Tractor Co., 282 So.2d 664, 666 (Fla. 4th DCA 1973) (“[WJhere the grantee is required to sue to obtain possession against one holding adversely to the grantor, a proper recovery is the taxable costs and reasonable attorneys’ fees expended by the grantee in securing possession.”). It seems clear that a covenantee may recover attorney’s fees incurred in a suit to maintain or defend title against a third party occasioned by the covenantor’s breach of covenant. Tibbetts v. Nichols, 578 So.2d 17, 19 (Fla. 1st DCA 1991); Needle v. Lowenberg, 421 So.2d 678, 680 (Fla. 4th DCA 1982) (allowing buyer’s attorney’s fees from seller where breach of covenant against encumbrances forced buyer to defend against third-party action to foreclose on undisclosed judgment lien); see B.W.B. Corp. v. Muscare, 349 So.2d 183, 185 (Fla. 3d DCA 1977) (allowing attorney’s fees from seller for buyers’ quiet title action against third party holding unrecorded outstanding purchase contract).
This principle — specific to covenan-tees — invokes the more general “wrongful act doctrine,” a narrow exception to the rule that attorney’s fees are recoverable only when authorized by statute or contract. See City of Tallahassee v. Blankenship & Lee, 736 So.2d 29, 30 (Fla. 1st DCA 1999). “[WJhere the wrongful act of the defendant has involved the claimant in litigation with others, and has placed the claimant in such relation with others as makes it necessary to incur expenses to protect its interest, such costs and expenses, including reasonable attorney’s fees upon appropriate proof, may be recovered as an element of damages.” Robbins v. McGrath, 955 So.2d 633, 634 (Fla. 1st DCA 2007) (quoting Northamerican Van Lines, Inc. v. Roper, 429 So.2d 750, 752 (Fla. 1st DCA 1983)); see also De Pantosa Saenz v. Rigau & Rigau, P.A., 549 So.2d 682, 686 (Fla. 2d DCA 1989) (stating real property seller could recover from her attorney legal costs incurred in her suit against purported purchaser if she could establish that attorney’s wrongful act in selling property for her at price below her minimum caused the litigation) (citing State Farm Fire & Cas. Co. v. Pritcher, 546 So.2d 1060 (Fla. 3d DCA 1989); Martha A. Gottfried, Inc. v. Amster, 511 So.2d 595 (Fla. 4th DCA 1987)).
The Reiterers maintain that an award of attorney’s fees against the covenantor is allowed only for fees incurred in the buyer’s action against a third party to remove the encumbrance. Skipper v. McMillan, 349 So.2d 808, 809 (Fla. 1st DCA 1977), supports this view. Although Florida case law allows a purchaser to recover from the seller her attorney’s fees incurred in a suit against a third party in a separate action to remove an encumbrance, the First District was “unable to find any cases which allow the assessment of costs and attorney’s fees in a primary action brought by the covenantee against the covenantor for breach of covenants.” Id. Consequently, the First District affirmed the denial of the covenantee’s attorney’s fees in a direct action against the covenantor. Id.
The First District clarified Skipper in Tibbetts, 578 So.2d at 19. There, it held that a covenantee can recover attorney’s fees for a quiet-title action against a third party even where that claim is joined in a lawsuit against the covenantor. The First District explained as follows:
Although this rule is typically applied to permit recovery when an attorney’s services are rendered in a separate action, it appears from our review of the pertinent authorities that the circumstance *589 justifying such an award is the necessity of entering into litigation against a third party, and not whether the action is separate or part of the lawsuit against the covenantor.
Id. As did the First District in Skipper, we hold that Ms. Monteil cannot recover fees she incurred in her direct action against the Reiterers. But, Ms. Monteil also sued the title companies. We must assess whether any fees she incurred in suing Network Title and Attorneys Title are recoverable from the Reiterers.
The Florida cases awarding attorney’s fees that covenantees incurred in actions against third parties involve third parties claiming adverse interests in the property. See Williams, 47 So.2d at 627 (ejectment action against adverse owners of part of property); Gore, 6 So.2d at 838-39 (quiet-title action against holder of inchoate right of dower); Tibbetts, 578 So.2d at 19 (declaratory action against third-party leaseholder); Needle, 421 So.2d at 680 (defense against foreclosure by third-party holder of judgment lien); B.W.B., 349 So.2d at 185 (quiet-title action against third party holding unrecorded outstanding purchase contract). The title companies claimed no such interest. Rather, they were Ms. Montiel’s insurers of clear title.
The holdings of these cases allowing for fees are narrow. They carve out but a slight exception to the American Rule when a party incurs fees in maintaining or defending title against an adverse party. Ms. Montiel has presented no convincing argument that we should expand the application of those holdings.
In sum, we find no Florida case suggesting that we should allow the buyer to recover attorney’s fees incurred in a direct action against the seller breaching the covenant against incumbrances. Nor do we see the claims against the title companies as actions against third parties holding adverse interests to property for which Florida courts have allowed an exception to the American Rule. We decline Ms. Montiel’s invitation to whittle away further at the American Rule.
Reversed.
KHOUZAM and MORRIS, JJ., Concur.