# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D17-2829

_____

IRVING HIMMELBERG,

    Appellant,

    v.

KRISTINA HIMMELBERG and
KIMBERLY HIMMELBERG,

    Appellees.

_____


On appeal from the Circuit Court for Okaloosa County.
William F. Stone, Judge.

May 3, 2018


PER CURIAM.

    Appellant seeks review of the final judgment awarding more than $200,000 to Appellees. We affirm.

    Appellant is Appellees' paternal grandfather. He set up custodial accounts under the Uniform Transfers to Minors Act for Appellees when they were infants. Appellant deposited money into the accounts, but he subsequently withdrew the money to reimburse his son for child support and other expenses that the son was ordered to pay to Appellees' mother in their divorce proceeding. After Appellees turned 18 and learned of the withdrawals, they sent letters to Appellant demanding that he return the money taken from their accounts. When Appellant did

not respond to the letters, Appellees filed a complaint seeking damages for (among other claims) civil theft under section 772.11, Florida Statutes. When Appellant did not respond to the complaint, a clerk's default and a "final default judgment"[1] were entered. Appellant filed a motion to set aside the default judgment, which the trial court denied after a hearing. Then, after an evidentiary hearing on damages, *see* Fla. R. Civ. P. 1.500(e), the trial court entered a final judgment awarding Appellees more than $200,000, which included treble damages for the civil theft and attorneys' fees. This appeal followed.

Appellant raises four issues on appeal: (1) the final judgment was an untimely amendment to the default judgment; (2) Appellees failed to establish their entitlement to treble damages; (3) the trial court lacked personal jurisdiction over him; and (4) the damage award was excessive. We affirm the first and third issues without discussion; we affirm the second issue because the default—which Appellant does not challenge on appeal—precluded Appellant from contesting the well-pled allegations in the complaint, including the allegations of civil theft from which the award of treble damages legally flowed, *see Florida Bar v. Porter*, 684 So. 2d 810, 813 n.4 (Fla. 1996) ("[T]he entry of a default precludes a party from contesting the existence of a plaintiff's claim and liability thereon."); *Rich v. Spivey*, 922 So. 2d 326, 327 (Fla. 1st DCA 2006) ("A default admits liability as claimed in the pleading by the party seeking affirmative relief against the party in default." (quoting *Sec. Bank, N.A. v. BellSouth Adver. & Publ'g Corp.*, 679 So. 2d 795, 803 (Fla. 3d DCA 1996)); and, we affirm the fourth issue because although there was conflicting evidence of the amount of money Appellant withdrew from Appellees' accounts and the purposes for which some of the money was used, the total damage award in the final

---

[1] Despite its title, this judgment was not a "final" judgment because it merely determined Appellant's *liability* for the claims alleged in Appellees' complaint. The judgment did not award a specific amount of damages, nor could it because the damages sought in the complaint were unliquidated.

2

judgment is supported by competent substantial evidence, *see Pearce & Pearce Inc. v. Kroh Bros. Dev. Co.*, 474 So. 2d 369, 371 (Fla. 1st DCA 1985) ("The general rule is that the extent of damages determined by a trial court is a question of fact which will be affirmed on appeal if supported by competent, substantial evidence.").

AFFIRMED.

WETHERELL, RAY, and OSTERHAUS, JJ., concur.

---

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

---

Parker B. Smith of Parker B. Smith, P.A., Destin, for Appellant.

Timothy M. Chiasson of Law Office of Daniel C. Perri, Shalimar, for Appellees.