DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**Q.H. c/o A.H.,**
Appellant,

v.

**SUNSHINE STATE HEALTH PLAN, INC.,**
Appellee.

No. 4D20-741

[October 7, 2020]

**CORRECTED OPINION**

Appeal from the State of Florida, Agency for Health Care Administration, L.T. Case No. AHCA 20-FH0016.

Morgan L. Weinstein of Weinstein Law, P.A., Fort Lauderdale, and Maria T. Santi of Health and Medicine Law Firm, Miami, for appellant.

Craig H. Smith and Paige S. Comparato of Hogan Lovells US LLP, Miami, for appellee.

Nicholas A. Merlin, Senior Attorney, Tallahassee, for amicus curiae Agency for Health Care Administration.

***On Motion for Appellate Attorney's Fees***

GROSS, J.

By a separate opinion, we have reversed the case, so the appellant/child has prevailed in the appeal. The child moves for appellate attorney's fees on four substantive grounds: (1) section 120.595(5), Florida Statutes; (2) section 57.105(5), Florida Statutes; (3) section 57.111, Florida Statutes; and (4) equitable considerations. We deny the motion on all grounds, and consider each in turn.

Section 120.595(5)

Section 120.595(5), Florida Statutes (2020), states in relevant part:

When there is an appeal, the court in its discretion may award reasonable attorney's fees and reasonable costs to the prevailing party if the court finds that the appeal was frivolous, meritless, or an abuse of the appellate process, or that the agency action which precipitated the appeal was a gross abuse of the agency's discretion.

A "gross abuse of the agency's discretion" occurs when: (1) there was "no justification for the position" taken by the agency, such that the "appeal should have never ensued," *Residential Plaza At Blue Lagoon, Inc. v. Agency for Health Care Admin.*, 891 So. 2d 604, 607 (Fla. 1st DCA 2005); or (2) the agency's action was so contrary to the fundamental principles of administrative law that it constituted a gross abuse of discretion, *Pro Tech Monitoring, Inc. v. State, Dep't of Corr.*, 72 So. 3d 277, 282 (Fla. 1st DCA 2011).

Here, the child has not shown that the agency's action was a gross abuse of discretion. This case involves difficult legal issues concerning the interaction between the benefits authorized under a federal statute and the agency's prior authorization criteria. It cannot be said that there was "no justification" for the agency's position or that it was contrary to fundamental principles of agency law. In short, while the majority opinion on the merits concluded that the AHCA should have taken a more expansive view of medical necessity under the EPSDT, the AHCA's reliance on its published prior authorization criteria does not meet the standard of a gross abuse of discretion. Thus, we deny the child's motion for appellate fees on this ground.

Section 57.105(5)

Section 57.105(5), Florida Statutes (2020), provides:

In administrative proceedings under chapter 120, an administrative law judge shall award a reasonable attorney's fee and damages to be paid to the prevailing party in equal amounts by the losing party and a losing party's attorney or qualified representative in the same manner and upon the same basis as provided in subsections (1)-(4). Such award shall be a final order subject to judicial review pursuant to s. 120.68. If the losing party is an agency as defined in s. 120.52(1), the award to the prevailing party shall be against and paid by the agency. A voluntary dismissal by a nonprevailing party does not divest the administrative law judge of jurisdiction to make the award described in this

2

subsection.

In this case, section 57.105(5) does not apply because this appeal is not an "administrative proceeding" under chapter 120, nor are the judges of this court "administrative law judges." Furthermore, the child has not established that she complied with the 21-day safe harbor provision in section 57.105(4) or in Florida Rule of Appellate Procedure 9.410(4).

## Section 57.111

Section 57.111(4)(a), Florida Statutes (2020), provides that "an award of attorney's fees and costs shall be made to a prevailing small business party in any adjudicatory proceeding or administrative proceeding pursuant to chapter 120 initiated by a state agency, unless the actions of the agency were substantially justified or special circumstances exist which would make the award unjust."

Here, the child does not fall within any of the definitions of a "small business party." *See* § 57.111(3)(d), Fla. Stat. (2020). Therefore, the child is not entitled to fees under this section.

## Equitable Considerations

Finally, the child argues that equitable considerations require that Sunshine Health "pay her appellate attorney's fees and costs due to her lack of financial means and [the] disparity in the means available to [her] in comparison to [Sunshine Health]." Citing exceptions to the American rule, the child argues that "[t]he American Rule can and does yield when competing policy or equitable considerations outweigh the principles on which it is based."

Under the American rule, "a court may only award attorney's fees when such fees are expressly provided for by statute, rule, or contract." *Bane v. Bane*, 775 So. 2d 938, 940 (Fla. 2000) (internal quotation marks omitted). Courts are hesitant to create exceptions to the American rule. *Reiterer v. Monteil*, 98 So. 3d 586, 587 (Fla. 2d DCA 2012). The "small list" of exceptions to the American rule includes the common fund doctrine and the inequitable conduct doctrine. *Topalli v. Feliciano*, 267 So. 3d 513, 518 (Fla. 2d DCA 2019).

Under the inequitable conduct doctrine, courts have "the inherent authority to impose attorneys' fees against an attorney for bad faith conduct." *Moakley v. Smallwood*, 826 So. 2d 221, 226 (Fla. 2002). However, an award of fees under this doctrine "must be based upon an

express finding of bad faith conduct and must be supported by detailed factual findings describing the specific acts of bad faith conduct that resulted in the unnecessary incurrence of attorneys' fees." *Id.* at 227.

In this case, none of the recognized exceptions to the American rule apply. There is no basis for concluding that the arguments in the answer brief were made in bad faith. Indeed, the child has not specifically argued that Sunshine Health has engaged in inequitable or bad faith conduct in this appeal, nor has the child contended that this case falls within any recognized exception to the American rule. We decline to create a broad new exception to the American rule based on the vastly different financial situations of the parties.

*Motion denied.*

CIKLIN and ARTAU, JJ., concur.

*          *          *

**Not final until disposition of timely filed motion for rehearing.**