442 So.2d 1001 (1983)
Yiannis B. ANTONIADIS, Appellant,
v.
EARCA, N.V., Interdevco Grove Square, Inc. and Walter Mobley, Appellees.
No. 82-2667.
District Court of Appeal of Florida, Third District.
November 15, 1983.
Rehearing Denied January 20, 1984.
Steven R. Berger and Theodore J. Fournaris, Miami, and Sara Lawrence, Hollandale, for appellant.
Fine, Jacobson, Block, Klein, Colan & Simon and Stanley B. Price and Sara B. Herald and Linda Ann Wells, Miami, for appellees.
Before HUBBART, NESBITT and DANIEL S. PEARSON, JJ.
PER CURIAM.
The final judgment under review is affirmed upon the main appeal as the closing of the private alley herein was amply justified based on this record and the applicable law, whether the relevant plat restriction be considered a restrictive covenant or an easement. See Shaw v. Shaw, 334 So.2d 13, 16 (Fla. 1976); Board of Public Instruction of Dade County v. Town of Bay Harbor Islands, 81 So.2d 637 (Fla. 1955); Powers v. Scobie, 60 So.2d 738 (Fla. 1952); Barton v. Moline Properties, Inc., 121 Fla. 683, 694, 164 So. 551, 556 (1935); Sewell v. Burdine, 80 Fla. 718, 87 So. 143 (1920).
We must reverse the final judgment, however, on the cross-appeal as the award of parking spaces to the appellant [in paragraphs 6 and 7 of the relief ordered in the final judgment] was entirely unrelated to the subject matter of this lawsuit and therefore was outside the scope of the trial judge's admittedly broad powers to do equity in this cause; indeed, appellant's need for such parking spaces existed even if the private alley had not been closed in this case and arose entirely due to circumstances unconnected with this case. As such, the trial court lacked the authority to fashion this parking space remedy which was not raised by any of the pleadings, was not tried by consent, and was unrelated to the subject matter of the lawsuit. See Kornbluh v. Lowenberg, 401 So.2d 880 (Fla. 3d DCA 1981); Pond v. McKnight, 339 So.2d 1149 (Fla. 2d DCA 1976).
The final judgment is therefore affirmed in all respects except for paragraphs 6 and 7 of the relief ordered therein (R. 174) which paragraphs are hereby stricken therefrom.
Affirmed as modified.