COWART, Judge.
Mary S. Johnson’s name, together with that of her husband, Willie D. Johnson, Jr., was on the title certificate of the motor vehicle operated by their son, Gary Evan Johnson, at the time of the accident that resulted in a wrongful death. Mrs. Johnson intentionally caused her name to be placed on the title certificate, it did not happen by accident or without her knowledge and consent, nor did she hold her formal ownership interest in the vehicle as a mere security device or because she had made a good faith but ineffectual attempt or effort to transfer her title interest. Her subjective intent or reason or motive in causing her name to be placed on the title certificate was legally immaterial and, accordingly, her testimony was insufficient as a matter of law to rebut the legal presumption arising from the motor vehicle title certificate itself and insufficient to avoid the legal consequences of that fact. Accordingly, the trial court did not err in directing a verdict and ruling as a matter of law on the issue of Mrs. Johnson’s vicarious liability for the damages caused by the operation of the vehicle by her son.
The collateral source statute (§ 627.7372(1), Fla.Stat. (1983)), plainly states that it relates to “... any action for ... wrongful death arising out of the ownership, operation, use, or maintenance of a motor vehicle...” and this is such a case. Furthermore, it would be incongruous to apply that statute to bar recovery from the tortfeasor for benefits for which a living claimant paid premiums or other compensation but to allow recovery from the same tortfeasor for the same benefits on the claim of an estate for a wrongful death caused by a motor vehicle. Whether or not the statute is good public policy in either event is for the legislature and not the judiciary to decide. Accordingly, we hold (1) the collateral source statute applies to wrongful death actions under section 768.-21, Florida Statutes (1983); and (2) the trial court erred in granting the plaintiff’s motion in limine prohibiting the defendants from mentioning or proving benefits received from collateral sources and in not applying the statute in this case. We reverse the judgment insofar as it gives judgment for the total damages found by the jury verdict in favor of the estate and direct, on remand, that the trial court deduct from such damages all benefits received from collateral sources as provided in the statute.
To facilitate the establishment of statewide uniformity we hereby certify the following question to be of great public importance:
DOES THE COLLATERAL SOURCE STATUTE (§ 627.7372(1), FLA.STAT. (1983)) APPLY TO AN ACTION FOR WRONGFUL DEATH BROUGHT UNDER SECTION 768.21, FLORIDA STATUTES (1983), AND ARISING OUT OF THE OWNERSHIP, OPERATION, USE OR MAINTENANCE OF A MOTOR VEHICLE?
AFFIRMED in part; REVERSED in part; and REMANDED.
*583 FRANK D. UPCHURCH, Jr., J., concurs.
DAUKSCH, J., concurs in part; dissents in part, with opinion.