BASKIN, Judge.
Maria and Gregg Gold appeal a partial final judgment, entered following a default, and several postjudgment orders. Finding merit in some of the issues presented, we reverse in part.
M & G Services [M & G] and three individual plaintiffs, Michael Felsher, Stephen Freeman, and David Lipsick, instituted a multicount action against the Golds based on actions Gregg Gold undertook in his capacity as president of M & G.[1] We find it unnecessary to recite the counts of the complaint and the somewhat unorthodox procedural history of this case. Suffice it to say that following the issuance of a clerk's default, the trial court entered a partial final judgment disposing of the single count against Maria Gold and all but two of the counts against Gregg. The court retained jurisdiction of count one, in which M & G sought damages and equitable relief for mismanagement and misappropriation; and count seven, in which M & G requested foreclosure of a mechanic’s lien on property in which Gregg holds a beneficial interest.
Several errors appear in the judgment under review. Our initial finding of error arises from the trial court’s disposition of count six of the complaint. In count six, M & G requested foreclosure of a mechanic’s lien against property owned by the Golds. M & G recorded its claim of lien when the Golds refused to pay for work M & G performed on the property at Gregg’s direction. However, M & G failed to allege that it furnished the Golds with a sworn affidavit prior to instituting its action, as required by section 713.06(3)(d), Florida Statutes (1983).[2] That omission constitutes a jurisdictional defect, Sowers v. Hoenstine, 417 So.2d 1137 (Fla. 5th DCA 1982); Mardan Kitchen Cabinets, Inc. v. Bruns, 312 So.2d 769 (Fla. 3d DCA 1975), and renders erroneous the trial court’s grant of foreclosure and related relief under count six.[3] Atlantic Gardens Landscaping, Inc. v. Boca Raton Land Development, Inc., 360 So.2d 1278 (Fla. 4th DCA 1978), cert. denied, 368 So.2d 1361 (1979).
A contractor may not pursue an action against an owner without first delivering to the owner the statutorily mandated affidavit. Falovitch v. Gunn & Gunn Construction Co., 348 So.2d 560 (Fla. 3d DCA 1977); Mardan Kitchen Cabinets. Thus, the allegations of the complaint fail to present a legal basis for recovery, and *1299 the judgment, even though entered on a default, must be reversed. GAC Corp. v. Beach, 308 So.2d 550, 551-52 (Fla. 2d DCA 1975) (citing North American Accident Insurance Co. v. Moreland, 60 Fla. 153, 53 So. 635, 637 (1910)). We reject M & G’s contention that section 713.06(3)(d) is inapplicable because M & G was not a “voluntary” contractor. Section 713.06(3)(d) does not distinguish between voluntary and involuntary contractors. Furthermore, M & G specifically sought relief under the mechanic’s lien statute, §§ 713.01-713.37, Fla. Stat. (1983), and, therefore, must comply with conditions precedent contained in the statute. Strict compliance with the mechanic’s lien statute is an indispensible prerequisite to obtaining affirmative relief under the statute. Sowers; Falovitch.
We find no merit in M & G’s claim that count six states causes of action for unjust enrichment and conversion; count six contains neither allegations in furtherance of those theories, nor a claim for damages. Mardan Kitchen Cabinets. For these reasons, we reverse the order setting foreclosure sale and those portions of the judgment based on the claim for foreclosure.
Our second finding of error concerns the portion of the judgment granting relief under count eight of the complaint. Count eight was predicated on Gregg’s failure, upon default by M & G, to pay his share of a guaranty executed by Gregg and the individual plaintiffs, Felsher, Freeman, and Lipsick, covering funds Southeast Bank loaned to M & G. Although count eight was brought solely by the individual plaintiffs, the judgment awarded recovery to M & G instead of the individual plaintiffs. The trial court erred in awarding damages to a party not seeking the relief granted. Cf. Antoniadis v. Earca, N.V., 442 So.2d 1001 (Fla. 3d DCA 1983) (court lacks authority to fashion remedy not requested by pleadings, not tried by consent and unrelated to subject matter of lawsuit), review denied, 451 So.2d 847 (1984). Accordingly, we reverse that portion of the judgment entered in favor of M & G on the allegations set forth in count eight.
Our last finding of error is the trial court’s assessment of the amount of attorney’s fees due M & G without providing the Golds with notice and opportunity to be heard. Holiday Gulf Builders, Inc. v. Tahitian Gardens Condominium, Inc., 443 So.2d 143 (Fla. 2d DCA 1983), review denied, 453 So.2d 44 (1984); Bowman v. Kingsland Development, Inc., 432 So.2d 660 (Fla. 5th DCA 1983). A request for attorney’s fees is considered a request for unliquidated damages, Holiday Gulf Builders; Bowman, which may not be resolved by the court without allowing the party against whom the fees are to be assessed an opportunity to be heard as to the amount of the fees to be awarded, Colder v. McNess, 427 So.2d 393 (Fla. 4th DCA 1983); B/G Amusements, Inc. v. Mystery Fun House, Inc., 381 So.2d 318 (Fla. 5th DCA 1980); Fla.R.Civ.P. 1.440(c).
We find no merit in the remaining issues raised. We therefore reverse those portions of the judgment granting relief pursuant to count six and count eight and the portion assessing the amount of attorney’s fees. In all other respects, we affirm.
Affirmed in part; reversed in part; remanded.

. The complaint also named other defendants who are not a part of this appeal.

. Section 713.06(3)(d) provides in pertinent part:
1. The contractor shall give to the owner an affidavit stating, if that he the fact, that all lienors under his direct contract have been paid in full or, if the fact be otherwise, showing the name of each lienor who has not been paid in full and the amount due or to become due each for labor, services, or materials furnished. The contractor shall have no lien or right of action against the owner for labor, services, or materials furnished tinder the direct contract while in default for not giving the owner the affidavit. The contractor shall execute the affidavit and deliver it to the owner at least 5 days before instituting an action as a prerequisite to the institution of any action to enforce his lien under this chapter, even if the final payment has not become due because the contract is terminated for a reason other than completion and regardless of whether the contractor has any lienors working under him or not.

.We note, however, that other remedies are available to M & G, see St. Regis Paper Co. v. Quality Pipeline, Inc., 469 So.2d 820 (Fla. 2d DCA), and cases cited at 823, review denied, 479 So.2d 118 (1985), and, in light of the trial court’s retention of jurisdiction of count one, the issue of compensatory damages based on Gregg’s failure to pay for work done on the premises by M & G remains pending before the trial court.