HERSEY, Chief Judge.
In this wrongful death action appellant prevailed in a jury trial and was awarded damages for the negligently-caused death of his minor son. On appeal he raises these issues: (1) whether medical expenses incurred by a parent for psychiatric treatment made necessary by the trauma to a parent which is caused by the death of a child are recoverable as damages; (2) whether lost wages of the parent occasioned by the same circumstances are so recoverable; and (3) whether the collateral source statute, section 627.7372(1) Florida Statutes (1983), applies to wrongful death actions.
The right to recover damages for a negligently-caused death is entirely a creature of statute. There was no such common law cause of action. Accordingly, we look to the statute alone to discover who can recover and what may be recovered. Section 768.21(4), Florida Statutes (1983), permits each parent of a deceased minor child to “recover for mental pain and suffering from the date of injury.” While the facts of medical, including psychiatric, treatment and loss of work are appropriate subjects for consideration by a jury in its attempt to measure by some reasonably objective standard the degree of mental pain and suffering inflicted on a parent by the death of a child, neither the cost of such treatment nor the loss of wages is directly com-pensable under the statute. Contrary to appellant’s contention, Winner v. Sharp, 43 So.2d 634 (Fla.1949), does not hold that expenses incurred as a result of pain and suffering are recoverable. We therefore affirm on that point with the observation that any perceived unfairness in this result is a matter properly addressed to the legislature.
In support of his position that collateral source payments are not to be taken into account in wrongful death actions, appellant relies on cases which predate the collateral source statute. In view of the rather clear language in the statute, we hold that it is applicable here, as did the Fifth District Court of Appeal in Johnson v. Deangelo, 448 So.2d 581 (Fla. 5th DCA 1984).
AFFIRMED.
DOWNEY and GLICKSTEIN, JJ., concur.