COWART, Judge.
A mother, appellant, was the insured in an insurance policy, issued by appellee insurance company, which excluded her from recovering uninsured motorist benefits for the death of her son (caused by an uninsured motorist) if the son were the owner of a car at the time of his death. The certificate of title to another certain motor vehicle listed the mother and her son as owner, thereby creating a presumption that the son was an owner of that car.
To avoid summary judgment on these facts the mother, by affidavit and deposition, stated, in effect, that she caused the son's name to be placed on the title certificate of the second vehicle, not to cause him to be an owner of the car, but to cause title to pass to him without probate in the event of her death.[1] This is the exact converse of the situation in Johnson v. DeAngelo, 448 So.2d 581 (Fla. 5th DCA 1984) where the mother, in order to avoid vicarious liability for damages caused by her son’s operation of a jointly titled vehicle, presented evidence of her subjective intent, reason, and motive for her name being on a title certificate. The purely subjective intent of the mother in Johnson, that she not be the owner for the purposes of being held legally responsible, was held insufficient to overcome the objective legal presumption there, and the mother’s intent here, that the deceased son not be the owner in so far as that adversely affected her uninsured motorist coverage, is likewise insufficient. The summary judgment in favor of the insurer and against the insured is
AFFIRMED.
UPCHURCH, C.J., and SHARP, J., concur.

. This is the classic reason given by a spouse in a domestic relations case to avoid an equitable distribution of separate property which was originally "separate" property but which has, after (or soon before) marriage, been transferred to joint names. See the dissent in Marsh v. Marsh, 399 So.2d 433 (Fla. 5th DCA 1981), quashed, 419 So.2d 629 (Fla.1982).