PER CURIAM.
This appeal from a final summary judgment raises the primary issue of whether declaratory relief is available to parties who have agreed to arbitrate medical malpractice damages but disagree regarding the recover-ability of one element of the damages claimed. The trial court found that it had jurisdiction and granted declaratory relief. We disagree and reverse.
Henry and Donna Mogler made a claim against Dr. Dirk Franzen and his P.A. for medical malpractice arising from his treatment of their son, Michael. Michael died on February 16, 1993, as a result of Dr. Franzen’s malpractice. The Moglers mailed a notice of intent to initiate a malpractice action to Dr. Franzen and his P.A. Dr. Franzen’s insurer responded and offered to admit liability under section 766.106(3)(b)3, Florida Statutes (1993), and to submit the issue of damages to voluntary binding arbitration under section 766.207, Florida Statutes (1993). The offer was not made contingent upon a limit of general damages as permitted by the statute. The Moglers accepted the offer of liability and agreed to arbitration.
During arbitration discovery, a dispute arose between the parties as to what damages were recoverable in the upcoming arbitration proceeding. Dr. Franzen and his P.A. filed a complaint in the Circuit Court for Martin County seeking declaratory relief as to whether the costs of psychiatric care and treatment for the parents of a deceased child were recoverable elements of economic damages. Dr. Franzen and his P.A. argued these damages were precluded under section 768.18, Florida Statutes (1993), the Wrongful Death Act, as interpreted in Wade v. Alamo Rent-A-Car, Inc., 510 So.2d 642 (Fla. 4th DCA 1987), and that since the Moglers’ claim was for the wrongful death of their son, Michael, damages which would be unrecoverable had the case proceeded through jury trial should not become recoverable because the parties agreed to arbitration.
The Moglers moved to dismiss the declaratory relief action on the grounds that the trial court lacked jurisdiction to consider the complaint since the parties had agreed to arbitration and because the limitation of damages as applied in Wade v. Alamo Rent-A-Car, Inc. does not apply to medical malpractice proceedings. The trial court denied the Moglers’ motion to dismiss.
Both parties moved for summary judgment. The trial court entered final summary *271 judgment, finding that it had jurisdiction over, the plaintiffs’ declaratory relief action, and that the cost of the Moglers’ psychiatric treatment and care was not a recoverable element of damages.
The parties agreed to determine damages in voluntary binding arbitration. By agreeing to binding arbitration, the parties gave the arbitrators sole authority to determine their recoverable damages and waived the right to challenge the arbitrator’s award of damages, even if the arbitrators made an error of law. Schnurmacher Holding, Inc. v. Noriega, 542 So.2d 1327 (Fla.1989); J.J.F. of Palm Beach, Inc. v. State Farm Fire and Casualty Co., 634 So.2d 1089 (Fla. 4th DCA 1994). Therefore, the trial court lacked jurisdiction to entertain this declaratory relief action.
Because we have determined that the trial court lacks jurisdiction over the subject matter, we do not decide the damages issue.
Accordingly, this cause is reversed and remanded for entry of an order of dismissal for lack of jurisdiction over the subject matter.
REVERSED AND REMANDED.
STONE and FARMER, JJ., and STREITFELD, JEFFREY E., Associate Judge, concur.