917 So.2d 363 (2005)
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Appellant,
v.
Barbara HARTZOG, Appellee.
No. 1D05-0655.
District Court of Appeal of Florida, First District.
December 30, 2005.
*364 Rhonda B. Boggess and David M. Gagnon of Taylor, Day & Currie, Jacksonville, for Appellant.
D. Scott Craig and James J. Woodruff, II, of Farah & Farah, P.A., Jacksonville, for Appellee.
PER CURIAM.
This is an appeal from a summary judgment in favor of a motorist on the issue of motor vehicle insurance coverage. We conclude that the insurance policy did not provide coverage for the damages claimed, because the policy holder was no longer the beneficial owner of the vehicle. Accordingly, we reverse with instructions to enter a summary judgment for the defendant insurance company.
Barbara Hartzog agreed to purchase a 1986 Ford Ranger pickup truck from Donnie Welch by paying him in installments of $50 to $100 per month. She took delivery of the truck but she did not insure it. Welch kept the title in his own name and he continued to maintain the insurance policy he had on the truck with State Farm. Neither Hartzog nor Welch notified State Farm of their agreement or that Hartzog was driving the truck.
About two months after the purchase agreement, Hartzog had an accident while driving the truck and sustained injuries as a result. The truck was declared a total loss. Nonetheless, Hartzog continued to make payments on the truck, totaling approximately $1,000, to Welch after the accident.
When Hartzog made a claim for no-fault personal injury protection and uninsured motorist benefits under the State Farm policy issued to Welch, State Farm denied coverage on the ground that Hartzog, not Welch, was the owner of the vehicle. According to State Farm, because the policy was issued only to Welch, it did not provide coverage to Hartzog as owner.
In the ensuing dispute over coverage, the trial court ruled in Hartzog's favor. The court found it significant that Hartzog did not yet consider the vehicle hers because she had only paid a couple of hundred dollars toward the purchase price at the time of the accident. Although Hartzog drove the vehicle, the court found, she did not have a legal right to exclusive possession of it. Thus, the court declared that Hartzog was entitled to coverage for insurance benefits from State Farm under the policy issued to Welch. This ruling was error, because Hartzog was, in fact, the beneficial owner of the truck.
Beneficial ownership is determined by the overt acts of the buyer and seller at the time of the agreement and thereafter. See Register v. Redding, 126 So.2d 289, 291 (Fla. 1st DCA 1961). The name on the title is not the litmus test for *365 determining who owns a vehicle for insurance purposes. In the present case, neither the fact that Welch's name remained on the title nor Hartzog's opinion that the truck was not hers is the key factor for determining beneficial ownership. The facts relating to the transfer of the vehicle reveal that Hartzog was the beneficial owner.
Hartzog took immediate, exclusive possession and control of the truck upon making the purchase agreement with Welch. She also made installment payments on the truck, both before and after the accident. Exclusive possession and control, taken at the time of the agreement, is a key factor in determining beneficial ownership of a vehicle, regardless of whether legal title remains in the seller's name. See Cooney v. Jacksonville Transp. Auth., 530 So.2d 421, 422 (Fla. 1st DCA 1988); McCall v. Garland, 371 So.2d 1080, 1082 (Fla. 4th DCA 1979); see also Register, 126 So.2d at 291-92. The mere fact that the seller retains title until after the full purchase price is paid is not enough to prove that the seller and purchaser did not intend to transfer beneficial ownership immediately. See Register, 126 So.2d at 291-292.
The trial court focused on Hartzog's testimony that she considered the car to be "becoming" hers, but not yet fully hers. However, whether a sale was actually consummated is a question of law to be determined by the facts in evidence. See id. at 291. Hartzog's opinion as to the status of her ownership is a mere legal conclusion with no probative effect. See id.
In addition, the trial court's conclusion that Hartzog did not have a legal right to exclusive possession of the vehicle is belied by the undisputed fact that she had sole possession and use of the truck for the entire period leading up to the accident. The stipulated facts demonstrate that both Welch and Hartzog treated the vehicle as owned by Hartzog. Thus, Hartzog was the beneficial owner of the truck.
State Farm is not obligated to pay personal injury protection benefits to Hartzog on the theory that she used the truck with Welch's consent, because Welch was no longer the owner of the truck. Nor was Hartzog covered as the owner, because under both Florida law and Welch's policy, no-fault benefits are not available to a person who owns a vehicle but chooses not to obtain no-fault benefits for that vehicle. See § 627.736(4)(d)(4)(a), Fla. Stat. Likewise, Hartzog was not entitled to uninsured motorist benefits. Uninsured motorist coverage is provided for the protection of persons insured under a given policy, and it attaches to the insured person, not the insured vehicle. See § 627.727(1), Fla. Stat.
Therefore, we reverse and remand with directions to enter summary judgment in favor of State Farm.
Reversed.
WEBSTER, PADOVANO and LEWIS, JJ., concur.