927 So.2d 1061 (2006)
George BRIDGES, Appellant,
v.
CITY OF BOYNTON BEACH, Florida, Appellee.
No. 4D05-3117.
District Court of Appeal of Florida, Fourth District.
May 10, 2006.
Gordon R. Leech of Samster, Konkel & Safran, LLC, Milwaukee, WI, for appellant.
Michael T. Burke and Cindy A. Williams of Johnson, Anselmo, Murdoch, Burke, Piper & McDuff, P.A., Fort Lauderdale, for appellee.
WARNER, J.
Appellant, a probationary police officer, brought a complaint against his employer, the City of Boynton Beach, alleging that the City violated his rights under the Whistle-blower's Act when the City terminated him in retaliation for a protected *1062 communication he made regarding a superior officer. The trial court dismissed his suit on statute of limitations grounds. He contends that because he was entitled to first utilize the appeal procedure in the collective bargaining agreement between the police union and the City, he filed his complaint within the applicable statute of limitations. We affirm, because he did not have any appeal rights under the collective bargaining agreement, and applying the correct statute of limitations, he filed his complaint four days late.
Appellant, Bridges, was hired as a full-time police officer for the City. According to the City's Personnel Policy Manual, Bridges was considered a probationary employee until he served for a year and had no administrative remedies if terminated within that year. The Chief of Police terminated Bridges just short of the expiration of his probationary period. Bridges attempted to appeal his termination through the appeal procedure of the collective bargaining agreement ("CBA") between the City and its police union. However, the City refused to process the appeal or participate in arbitration, because it maintained that, as a probationary employee, Bridges was not entitled to invoke the procedures of the CBA.
Bridges then filed his action pursuant to the Whistle-blower's Act, 184 days after he was terminated from employment. Section 112.3187(8)(b), Florida Statutes, provides that if the employer has not established administrative procedures for handling such complaints, the employee must bring suit within 180 days of termination. The City moved to dismiss the complaint, contending that because Bridges was a probationary employee, he had no administrative remedies and therefore was required to file his complaint within 180 days, which he failed to do. Bridges argued that he was entitled to the administrative provisions of the CBA and thus was not governed by the 180-day statute of limitations. The trial court granted the motion to dismiss, and Bridges appeals. We affirm, concluding that Bridges was not entitled to the administrative provisions of the CBA, thus requiring him to bring his action within 180 days.
The CBA defined the bargaining unit in Article 2 as all full-time sworn police officers. The parties do not dispute that the plaintiff was a full-time sworn police officer at the time the City terminated his employment. Further, the agreement itself does not contain any provisions related to the probationary status of employees.
Article 32 of the CBA provides as follows:
ARTICLE 32
DEPARTMENTAL POLICIES, RULES AND REGULATIONS

Section 1. It is agreed and understood that the Police Department currently has policies, rules and regulations governing employment. The formulation, amendment, revision and implementation of any rule shall not be arbitrary or capricious. In the event of a conflict between the rules and specified provisions of this Agreement, the Agreement shall control.

(Emphasis supplied).
Article 34 of the CBA provides that all bargaining unit members are covered under the terms of the collective bargaining agreement and the City's Personnel Policy Manual:
ARTICLE 34
COMPLETE AGREEMENT AND WAIVER CLAUSE
This Agreement is the complete Agreement between the parties. . . All *1063 bargaining unit members are covered under the terms of this Agreement and the City's Personnel Policy Manual and not under any Civil Service Rule/Regulation and heretofore in existence.
(Emphasis supplied).
Article 27 of the agreement classifies termination as major discipline and provides for an appeal of major disciplinary action to an arbitrator.
The City's Personnel Policy Manual defines a probationary employee as "any employee who is serving in a new position either by appointment, promotion, demotion, or reclassification." The Personnel Policy Manual further defines "Probationary Period" as "a period of twelve (12) months. During this period an employee may be discharged, demoted, or suspended without warning or statement of cause." Additionally, the manual provides that a probationary employee is subject to termination without cause and has no right to appeal a termination or disciplinary action. With respect to the positions covered by the manual's policies, the manual states:
These policies shall apply to all non-contract employees. These policies apply to union employees only when they are incorporated in the union employees [sic] collective bargaining agreement, and have been ratified by the City Commission and the bargaining unit. These policies apply to employees with individual contracts only if incorporated by reference in the employee's contract.
The City's Ordinance No. 098-06 adopts the Personnel Policy Manual and makes it a part of the City's ordinances. A later ordinance applies the policies to bargaining unit members when incorporated into the collective bargaining agreement.
Bridges contends that because he was a full-time sworn police officer, he was a member of the collective bargaining unit and had the right to appeal his termination to an arbitrator as provided in Article 27 of the CBA. Although the Personnel Policy Manual does not provide for any right of appeal, Bridges argues that the CBA trumps the Personnel Policy Manual to the extent that the provisions of the manual are inconsistent with the rights granted in the collective bargaining agreement. However, we disagree with his construction of those agreements.
Collective bargaining agreements are interpreted under general principles of contract law. See, e.g., In re Murray, 166 Vt. 198, 689 A.2d 463, 465 (1997). Bridges' argument centers on Article 32 of the CBA which states that "[i]t is agreed and understood that the Police Department currently has policies, rules and regulations governing employment" and further provides that "[i]n the event of a conflict between the rules and specified provisions of this Agreement, the Agreement shall control." Bridges therefore argues that the City's Personnel Policy Manual applies only to the extent that it does not conflict with the CBA.
We disagree with Bridges' argument that Article 32 is designed to "trump" the provisions of the City's Personnel Policy Manual. Article 34 of the CBA expressly adopted the City's Personnel Policy Manual by stating "all bargaining unit members are covered under the terms of this Agreement and the City's Personnel Policy Manual." The "conflict" provision of Article 32 does not directly reference the City's Personnel Policy Manual, but instead refers to departmental rules and policies more generally. It is a well-settled principle of contract law that "a contract provision specifically dealing with a particular subject matter controls over a provision generally dealing with that same subject matter." Aucilla Area Solid Waste Admin. v. Madison County, 890 So.2d 415, 416 (Fla. 1st DCA 2004). Applying this principle to the case at bar, the express adoption of the City's Personnel Policy Manual in Article *1064 34 of the CBA is controlling over the general reference to the CBA prevailing over inconsistent departmental rules and policies.
Because the City's Personnel Policy Manual permits the termination of probationary employees without a right of appeal, the City provided no administrative right of appeal. Therefore, under the statute of limitations contained in the Whistle-blower's Act, Bridges had to file his action within 180 days of his termination. He failed to do so, and the trial court correctly dismissed his suit on statute of limitations grounds.
Affirmed.
GROSS and HAZOURI, JJ., concur.