STEVENSON, J.
 

 GEICO Indemnity Insurance Company, the defendant below, appeals the trial court’s award of final summary judgment in favor of Laurie Reed, the personal representative of the Estate of Barton Reed. We reverse and remand because whether Barton Reed or his corporation, B & G Central Station Signals, Inc., owned the van involved in the fatal accident remains a genuine issue of material fact, removing this case from the purview of summary judgment.
 

 Barton Reed died in a car accident caused by an uninsured/underinsured motorist. He had been driving a 1999 Ford van. His widow, Laurie Reed, filed a claim with GEICO for uninsured motorist benefits. GEICO denied her claim, explaining that the policy specifically excluded uninsured motorist coverage in this instance because Barton Reed owned the vehicle involved in the accident, but that vehicle was not insured by GEICO.
 
 See Gov’t Employees Ins. Co. v. Douglas,
 
 654 So.2d 118 (Fla.1995) (approving the uninsured motorist benefits exclusion). Laurie Reed sought a declaratory judgment on the ground that B
 
 &
 
 G, not Barton Reed, owned the van.
 

 Barton Reed was the president and sole shareholder of B & G, a security company he operated from his home. The 1999 Ford van was titled and registered in Barton Reed’s name alone. Generally, a name on a certificate of title to a motor vehicle creates a presumption of ownership.
 
 Johnson v. Sentry Ins.,
 
 510 So.2d 1219, 1220 (Fla. 5th DCA 1987). However, “[t]he name on the title is not the litmus test for determining who owns a vehicle for insurance purposes.”
 
 State Farm Mut. Auto. Ins. Co. v. Hartzog,
 
 917 So.2d 363, 364-65 (Fla. 1st DCA 2005). Laurie Reed filed an affidavit explaining that she mistakenly titled the van in Barton Reed’s name, but it actually was used solely as a business vehicle by B
 
 &
 
 G. We conclude that a finder of fact should determine the credibility of Laurie Reed’s affidavit and whether it sufficiently rebuts the presumption of ownership.
 

 Whether Laurie Reed is entitled to uninsured motorist benefits from GEICO depends on whether Barton Reed or B & G owned the 1999 Ford van. “ ‘If the record reflects even the possibility of a material issue of fact, or if different inferences can reasonably be drawn from the facts, the doubt must be resolved against the moving party.’ ”
 
 Fieldhouse v. Tam Inv. Co.,
 
 959 So.2d 1214, 1216 (Fla. 4th DCA) (quoting
 
 Winston Park, Ltd. v. City of Coconut Creek,
 
 872 So.2d 415, 418 (Fla. 4th DCA 2004)),
 
 review denied,
 
 969 So.2d 1018 (Fla.2007). We find the question of ownership in this case poses a genuine issue of material fact, so we reverse the order granting final summary judgment and remand for further proceedings.
 

 Reversed and remanded.
 

 POLEN and DAMOORGIAN, JJ., concur.