20 So.3d 929 (2009)
Juan M. PINTADO, Appellant,
v.
MIAMI-DADE COUNTY HOUSING AGENCY, Appellee.
No. 3D09-812.
District Court of Appeal of Florida, Third District.
September 30, 2009.
Rehearing Denied November 9, 2009.
*930 Manzini & Associates, P.A., and Nicolas A. Manzini, Miami, for appellant.
R.A. Cuevas, Jr., Miami-Dade County Attorney, and William X. Candela, Assistant County Attorney, for appellee.
Before SHEPHERD, SUAREZ, and ROTHENBERG, JJ.
ROTHENBERG, J.
Juan M. Pintado appeals from a final summary judgment entered in favor of Miami-Dade County Housing Agency ("Agency"), based on his failure to file his lawsuit asserting a claim under the Whistle-blower's Act ("Act"), § 112.3187, Fla. Stat. (2007), within 180 days of the County Manager's letter terminating his employment with the Agency. We affirm.
Pintado was employed by the Agency as a Construction Manager 2. In January 2002, Pintado sent a letter to County Manager Steve Shiver, accusing the chief of the planning section of violating the "cone of silence" ordinance as to bids for Miami-Dade County business. On March 20, 2002, Pintado was issued a Disciplinary Action Report ("DAR") by a supervisor regarding his performance, and a meeting regarding the DAR was scheduled before the Agency's Deputy Director for April 2, 2002. After receiving the DAR, Pintado called the Deputy Director's office, stating that police officers should be present at the meeting because he was going to "beat" the supervisor who issued the DAR, and probably break things in the Deputy Director's office. Pintado was then relieved of duty.
Pintado was issued another DAR, which was amended on May 20, 2002, asserting, in part, that he violated the County's Administrative Order Against Workplace Violence *931 by threatening the supervisor. On May 20, 2002, the Agency's Director terminated Pintado for threatening the supervisor who issued the initial DAR.
Pintado appealed the Director's decision, and a hearing was conducted pursuant to Miami-Dade County's civil service ordinance and the whistle-blower's ordinance. Following a hearing, the hearing examiner issued a report on November 11, 2002, concluding that Pintado's behavior violated the workplace violence order; rejecting Pintado's whistle-blower claim; and recommending that Pintado be reinstated without back pay.
On January 7, 2003, the County Manager issued a final determination letter, stating that he was accepting the hearing examiner's finding that Pintado's conduct violated the workplace violence order, but was rejecting the hearing examiner's recommendation that Pintado be reinstated without back pay, and instead, was sustaining Pintado's dismissal from service with Miami-Dade County.
Pintado filed a petition for writ of certiorari before the Miami-Dade Circuit Court, Appellate Division, arguing that the County Manager violated the Act. After the Circuit Court denied the petition on September 23, 2003, Pintado filed an appeal in this Court, which was treated as a petition for writ of certiorari. This Court denied the petition on September 22, 2004.
On November 10, 2004, Pintado filed a civil action against the Agency in federal court, asserting a count under the Act. Ultimately, on September 25, 2007, the Eleventh Circuit Court of Appeals concluded that the federal court did not have jurisdiction over the state law claim.
On October 2, 2007, Pintado filed a complaint in Miami-Dade Circuit Court, asserting that the Agency violated his rights under the Act by terminating his employment in retaliation for the letter he sent to the County Manager. The Agency filed a renewed motion for summary judgment, arguing in part that the whistle-blower's claim was barred by the 180-day statute of limitations set forth in section 112.3187(8)(b). The trial court granted the motion for summary judgment, finding that the whistle-blower's claim was time-barred because Pintado failed to raise the claim within 180 days of the County Manager's decision, as required by section 112.3187(8)(b).[1] Pintado's motion for rehearing was denied, and thereafter, final summary judgment was entered in favor of the Agency. Pintado's appeal followed.
The issue that Pintado has asked this Court to determinewhether the 180-day period set forth in section 112.3187(8)(b) of the Act is mandatory or permissivewas not raised below, and therefore, was not properly preserved for appellate review. See Sunset Harbour Condo. Ass'n v. Robbins, 914 So.2d 925, 928 (Fla.2005) ("In order to be preserved for further review by a higher court, an issue must be presented to the lower court and the specific legal argument or ground to be argued on appeal or review must be part of that presentation if it is to be considered preserved.") (quoting Tillman v. State, 471 So.2d 32, 35 (Fla.1985)). Even if properly preserved for appellate review, we conclude that Pintado's whistle-blower's claim was time-barred as he failed to assert it in a civil action within 180 days of the County Manager's final determination letter.
*932 Section 112.3187(8)(b) provides in pertinent part as follows:
Within 180 days after entry of a final decision by the local governmental authority, the public employee who filed the complaint may bring a civil action in any court of competent jurisdiction. If the local governmental authority has not established an administrative procedure by ordinance or contract, a local public employee may, within 180 days after the action prohibited by this section, bring a civil action in a court of competent jurisdiction.
In the instant case, it is undisputed that the County Manager issued his final determination letter on January 7, 2003, and that Pintado first asserted the public sector whistle-blower's claim under the Act in a civil action filed in federal court on November 10, 2004. Thus, if the 180-day period set forth in section 112.3187(8)(b) is mandatory, the trial court properly determined that Pintado's whistle-blower's claim was time-barred.
Pintado argues that pursuant to section 112.3187(8)(b), he "may" bring a whistle-blower's claim within 180 days, but is not required to do so within that time period. Pintado's interpretation of subsection (8)(b) is unreasonable. Section 112.3187(8)(b) simply provides that the public employee may, but is not required to, file a whistle-blower's claim under the Act "after entry of a final decision by the local governmental authority" or after the action prohibited under the Act, if the "local governmental authority has not established an administrative procedure." However, if the public employee opts to file a civil action asserting a whistle-blower's claim under the Act, the claim must be filed within 180 days.
Our interpretation of section 112.1387(8)(b) is supported by decisions issued by numerous courts. In Bridges v. City of Boynton Beach, 927 So.2d 1061 (Fla. 4th DCA 2006), a probationary police officer filed a complaint against his employer, the City of Boynton Beach, under the Act, asserting that the City terminated his employment as a result of protected communications he made about a superior officer. The police officer filed his complaint 184 days after he was terminated from his employment. The trial court dismissed the police officer's complaint, finding that he did not file it within the applicable statute of limitations. The police officer appealed the dismissal of the complaint to the Fourth District Court of Appeal, which affirmed the dismissal. Id. at 1062. See also White v. Sch. Bd. of Hillsborough County, 636 F.Supp.2d 1272, 1282-83 (M.D.Fla.2007) ("It does appear, however, that Plaintiff's claim is untimely under the [Act], which provides that actions shall be filed within 180 days of a decision by a local government authority of within 180 days from the prohibited act.") (citing to § 112.3187(8)); Shuck v. Clark, No. 8:05-CV-2042-T-30TBM, 2007 WL 676198, at *4 n. 3 (M.D.Fla. Mar. 1, 2007) (noting that a civil action under section 112.3187(8) must be filed within 180 days of the adverse employment action or within 180 days of entry of the final decision of the local governmental authority); Kelly v. Lee County Mosquito Control Dist., No. 2:06-cv-290-FtM-99DNF, 2006 WL 3708100, at *2 (M.D.Fla. Dec. 14, 2006) (referring to the 180-day time period set forth in section 112.3187 as a "statute of limitations"); Allocco v. City of Coral Gables, 221 F.Supp.2d 1317 (S.D.Fla.2002) (dismissing public sector whistle-blower's action brought under section 112.3187 as time-barred where action was filed more than 180 days after employee was terminated). Therefore, we conclude that the trial court correctly determined that Pintado's claim brought under the Act was time-barred *933 as it was raised more than 180 days after the final termination letter issued by the County Manager.
The remaining issues raised by Pintado lack merit. Accordingly, we affirm the trial court's entry of final summary judgment in favor of the Agency.
Affirmed.
SHEPHERD, J., specially concurring.
As succinctly stated by the majority, the issue before us was not properly preserved for appellate review. See supra p. 931. Because "[t]his is a sufficient ground for deciding this case, ... the cardinal principle of judicial restraintif it is not necessary to decide more, it is necessary not to decide morecounsels us to go no further." PDK Labs. Inc. v. U.S.D.E.A., 362 F.3d 786, 799 (D.C.Cir.2004) (Roberts, J., concurring). We should affirm on the basis of lack of preservation alone.
NOTES
[1] The Agency has acknowledged that the operative date for statute of limitations purposes is November 20, 2004, which is when Pintado raised the claim under the Act in his federal lawsuit.