NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

PROGRESSIVE AMERICAN )
INSURANCE COMPANY, )
)
    Appellant, )
)
v. )    Case No. 2D18-1651
)
NANCY N. PAWELCZYK, )
)
    Appellee. )
_____ )

Opinion filed May 15, 2019.

Appeal from the Circuit Court for Pinellas
County; Thomas H. Minkoff, Judge.

Stuart J. Freeman of Freeman, Goldis &
Cash, P.A., Saint Petersburg, for
Appellant.

Robert W. Hitchens of Hitchens &
Hitchens, P.A., Saint Petersburg, for
Appellee.


ATKINSON, Judge.


        Progressive American Insurance Company (Progressive) appeals the

entry of a final summary judgment in favor of Nancy N. Pawelczyk, a passenger in a

rental vehicle driven by her sister, Donna Anderson, who was insured under a policy

issued by Progressive.  Ms. Pawelczyk was injured in an accident involving an uninsured/underinsured motor vehicle (UM).  Because the rental vehicle was not a "covered auto," as defined in the UM section of the policy, Ms. Pawelczyk is not an "insured person" covered by her sister's policy.  As a result, we must reverse.

Ms. Pawelczyk's sister was driving a rental vehicle while her Jeep, which was listed on the declarations page of her policy with Progressive, was getting a new transmission.  After Progressive settled her sister's claim, Ms. Pawelczyk filed a declaratory-judgment action against Progressive seeking a determination that coverage under her sister's policy extended to her.

The policy permits recovery of damages due to bodily injury sustained by an "insured person" caused by an accident involving an uninsured motor vehicle. Insured person is defined under the UM portion of the policy in pertinent part as the named insured, a relative,[1] or any person occupying, but not operating, a covered auto. A "covered auto" means: (a) any auto or trailer shown on the declarations page, (b) any additional auto, (c) any replacement auto, or (d) any trailer owned by the named insured.

On appeal, Ms. Pawelczyk argues that the rental vehicle was a "covered auto" because it meets the definition under the policy, thereby making her an "insured person" entitled to coverage.  We disagree.

_____

[1]A relative under the policy is defined as a person who resides in the same household as the named insured and is related "by blood, marriage, or adoption," including "a ward, stepchild, or foster child."  It is undisputed that Ms. Pawelczyk did not reside in her sister's household when the accident occurred.

To be a "covered auto," the rental vehicle must be either an additional or a replacement auto. A replacement auto means "an auto that permanently replaces an auto shown on the declarations page." Because the rental vehicle was not a permanent replacement for the Jeep, in order to be a "covered auto" the rental car would need to fit the definition of an "additional auto."

The policy provides the following definition for an additional auto:

[A]n auto you become the actual or beneficial owner of during the policy period that does not permanently replace an auto shown on the declarations page if:

      a. we insure all other autos you own;

      b. the additional auto is not covered by any other insurance policy;

      c. you notify us within 30 days of becoming the owner of the additional auto; and

      d. you pay any additional premium due.

An additional auto will have the broadest coverage we provide for any auto shown on the declarations page. If you ask us to insure an additional auto more than 30 days after you become the actual or beneficial owner, any coverage we provide will begin at the time you request coverage.

Ms. Pawelczyk contends that her sister was the beneficial owner of the rental vehicle because she had dominion and control over the vehicle. This argument proves too much. It would permit UM coverage for bodily injuries suffered by every passenger in any vehicle driven by a named insured, effectively destroying the long-standing distinction between class I and class II insureds.[2] It also erroneously equates

_____

[2]"[C]lass I insureds are named insureds and resident relatives of named insureds." Travelers Ins. Co. v. Warren, 678 So. 2d 324, 326 n.2 (Fla. 1996). "[C]lass II insureds are lawful occupants of the insured vehicle who are not named insureds or resident relatives of named insureds." Id. Because these class II insureds do not pay

vehicle rental, which is a purely possessory interest, with vehicle ownership—which confers a broader property interest, including the right to encumber or sell the vehicle. Cf. Christensen v. Bowen, 140 So. 3d 498, 506 (Fla. 2014) (finding joint titleholder of a vehicle was a beneficial owner because he "had a legal right to encumber, sell, or take possession of the vehicle").

While a beneficial owner is necessarily something less than a person with fee ownership, it requires something more than a mere right of possession. See, e.g., Aurbach v. Gallina, 753 So. 2d 60, 66 (Fla. 2000) ("[T]he concept of beneficial ownership in Florida law has not been an expansive one that extends to hold vicariously liable anyone with a theoretical right to control a motor vehicle."); Demosthenes v. Girard, 955 So. 2d 1189, 1191 (Fla. 3d DCA 2007) ("[W]hen Better Homes contracted in 2002 to sell the unit at issue to Girard, and certainly when it accepted payment for that unit and issued the first, albeit defective, warranty deed to him, Girard became the beneficial or equitable owner of the unit."); State Farm Mut. Auto. Ins. Co. v. Hartzog, 917 So. 2d 363, 365 (Fla. 1st DCA 2005) ("The mere fact that the seller retains title until after the full purchase price is paid is not enough to prove that the seller and purchaser did not intend to transfer beneficial ownership immediately."); B. W. B. Corp. v. Muscare, 349 So. 2d 183, 184 (Fla. 3d DCA 1977) ("A contract to sell real property has long been held to establish the vendee as the beneficial owner of the property, with the vendor retaining only naked legal title in trust for the vendee as security for the latter's performance." (citing In re Estate of Sweet, 254 So. 2d 562, 563 (Fla. 2d DCA 1971))).

_____

for UM coverage, they "are essentially third[-]party beneficiaries to the named insureds' policy." Id.

- 4 -

Because Ms. Pawelczyk's sister did not have any ownership interest in the rental vehicle, she was not a beneficial owner. As a result, the vehicle was not a "covered vehicle," and Ms. Pawelczyk is not an "insured person" entitled to coverage under her sister's policy.

Reversed and remanded.


VILLANTI and LUCAS, JJ., Concur.