# Third District Court of Appeal

## State of Florida

Opinion filed May 22, 2019.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D17-2443
Lower Tribunal No. 15-27242
_____


**Sea Vault Partners, LLC,
& Homero Meruelo,**
Appellants,

vs.

**Bermello, Ajamil & Partners, Inc,**
Appellee.


An Appeal from the Circuit Court for Miami-Dade County, Rosa I. Rodriguez, Judge.

Capote Grandal, P.L., and Susan Capote, for appellants.

Daniels, Rodriguez, Berkeley, Daniels & Cruz, P.A., and Daniel A. Pelz, for appellee.


Before SALTER, SCALES, and LINDSEY, JJ.

LINDSEY, J.

Sea Vault Partners, LLC and Homero Meruelo (collectively, "Sea Vault") appeal a final judgment awarding Bermello, Ajamil & Partners, Inc. ("BAP") monetary sanctions against Sea Vault for bad-faith failure to arbitrate. Despite the lengthy and complicated procedural history of this case, the resolution of this appeal turns on whether the trial court erred by awarding monetary sanctions against Sea Vault for failing to pay a $5,000 fee in an arbitration proceeding pending before the American Arbitration Association. For the reasons set forth below, we find that it did, and reverse.[1]

## I.  BACKGROUND

In December 2014, BAP and Sea Vault entered into an agreement (the "Agreement") whereby BAP would provide architectural services for a development project located at 1583 NW 24th Ave, Miami, FL 33125 (the "Real

---

[1] We do not reach the issue of whether the amount of sanctions awarded was error because it is not necessary to do so given our decision. See Menendez v. W. Gables Rehab. Hosp., LLC, 123 So. 3d 1178, 1181 n.2 (Fla. 3d DCA 2013) ("[I]f it is not necessary to decide more, it is necessary not to decide more." (alteration in original) (quoting PDK Labs., Inc. v. U.S. D.E.A., 362 F.3d 786, 799 (D.C. Cir. 2004) (Roberts, J. concurring) (recognizing the cardinal principle of judicial restraint))); Pintado v. Miami-Dade Cty. Hous. Agency, 20 So. 3d 929, 933 (Fla. 3d DCA 2009) (Shepherd, J., concurring) ("Because '[t]his is a sufficient ground for deciding this case, ... the cardinal principle of judicial restraint—if it is not necessary to decide more, it is necessary not to decide more—counsels us to go no further." (quoting PDK Labs, 362 F.3d at 799)); Mann v. State, 937 So. 2d 722, 730 (Fla. 3d DCA 2006) (Shepherd, J., concurring) (citing N. Fla. Women's Health & Counseling Servs., Inc. v. State, 866 So. 2d 612, 640 (Fla. 2003) ("Pursuant to the doctrine of judicial restraint, we decline to address petitioners' remaining constitutional claims because resolution of those claims is unnecessary for the disposition of this case.")).

Property"). Things did not work out as BAP and Sea Vault originally planned, and in October 2015, BAP recorded a claim of lien on the Real Property, alleging that Sea Vault had failed to pay BAP for services rendered under the Agreement. After recording its claim of lien, BAP requested mediation pursuant to the Agreement.[2]

In November 2015, Brisas Del Rio, Inc. ("Brisas"), a non-party to the Agreement,[3] filed an action in the trial court against BAP seeking to discharge BAP's claim of lien (the "Trial Court Action") on the basis that BAP had improperly recorded the claim of lien. Brisas claimed to be the actual owner of the

_____

[2] The Agreement required BAP and Sea Vault to mediate disputes arising thereunder before the American Arbitration Association (the "AAA"). If issues remained unresolved after mediation, the Agreement provided that the parties would then proceed to arbitrate before the AAA. More specifically, the Agreement provided as follows:

> § 4.2.1 Any claim, dispute or other matter in question arising out of or related to this Agreement shall be subject to mediation as a condition precedent to binding dispute resolution.
> . . . .
> § 4.2.4 If the parties do not resolve a dispute through mediation pursuant to this Section 4.2, the method of binding dispute resolution shall be . . . [a]rbitration pursuant to Section 4.3 of this Agreement[.]

Section 4.3 of the Agreement provides that the agreement to arbitrate "shall be specifically enforceable in accordance with applicable law in any court having jurisdiction thereof."

[3] Brisas is not a party to the instant appeal.

Real Property and asserted the Agreement was only between BAP and Sea Vault.

In December 2015, BAP filed its answer, affirmative defenses, and counterclaim against Brisas in the Trial Court Action. In January of 2016, though mediation was not yet complete, BAP voluntarily initiated an arbitration proceeding with the AAA alleging Sea Vault had failed to compensate BAP for services rendered under the Agreement (the "Arbitration"). The Arbitration was stayed pending the outcome of mediation. Mediation between BAP and Sea Vault ended in an impasse in May 2016.

Shortly thereafter, BAP filed an amended counterclaim, in the parallel Trial Court Action, adding Sea Vault as counter-defendants. BAP's amended counterclaim added fraudulent misrepresentation claims against Sea Vault. A few months later, Sea Vault filed their answer in the Arbitration. The Arbitrator set a final hearing date for March 22-24, 2017. In December of 2016, Sea Vault filed a motion for injunctive relief in the Trial Court Action (the "Injunction Motion"), requesting that the parties be required to litigate the issues in the Trial Court Action instead of in the Arbitration.[4]

---

[4] On December 22, 2016, Sea Vault filed a motion to stay the proceedings in the Arbitration pending resolution of their Injunction Motion, filed the day before in the Trial Court Action. On January 3, 2017, the Arbitrator denied Sea Vault's motion to stay, concluding that the Arbitration would continue absent an order from the trial court enjoining the matter.

On February 13, 2017, the trial court held a hearing on Sea Vault's Injunction Motion and entered a hand-written order denying the Injunction Motion ("Injunction Order"), which simply stated "Denied." On February 24, 2017, Sea Vault appealed the Injunction Order to this Court. <u>Meruelo v. Bermello, Ajamil & Partners, Inc.</u>, 232 So. 3d 354 (Fla. 3d DCA 2017).[5] On February 27, 2017, Sea Vault moved the Arbitrator to stay the Arbitration while the appeal was pending. The Arbitrator denied Sea Vault's motion in an order entered March 2, 2017.

Also, on March 2, 2017, the Arbitrator notified both parties that Sea Vault had not yet paid the required $5,000 deposit for the Arbitrator's compensation.[6] A few days later, BAP filed a motion in the Arbitration asking the Arbitrator to sanction Sea Vault for its failure to pay the $5,000 deposit by precluding Sea Vault from presenting a defense and by limiting Sea Vault's participation to cross-examination of BAP's witnesses.[7] The Arbitrator entered an order denying BAP's motion on the basis that the relief sought was not available under the Arbitration Rules of the AAA.[8]

---

[5] On May 11, 2017, this Court recognized Sea Vault's notice of voluntary dismissal and dismissed the appeal.

[6] The Arbitrator informed the parties that its options for non-payment included proceeding with the Arbitration and continuing collection efforts or suspending or terminating the case.

[7] BAP did not request monetary sanctions or an order compelling Sea Vault to pay the deposit in this motion.

[8] On March 20, 2017, the Arbitration was suspended, and on April 24, 2017, the Arbitration was terminated due to Sea Vault's failure to make the required payment.

On March 17, 2017, BAP filed an emergency motion in the Trial Court Action asking the trial court to award monetary sanctions against Sea Vault for bad faith failure to arbitrate ("Sanctions Motion"). The trial court held a hearing on the Sanctions Motion less than two weeks later. On April 21, 2017, the trial court entered an order granting BAP's motion for sanctions and finding BAP was entitled to an award of all its reasonable attorney's fees and costs incurred in the Arbitration. In so doing, the trial court concluded it had jurisdiction pursuant to sections 682.015 and 682.031, Florida Statutes (2017), as well as under the court's inherent authority to impose sanctions for bad-faith conduct.

The trial court then conducted an evidentiary hearing on May 30; August 14; and August 16, 2017, to determine the amount of fees and costs to which BAP was entitled. On October 12, 2017, the trial court entered an 18-page Final Judgment (the "Final Judgment") awarding sanctions in favor of BAP and against Sea Vault in the amount of $302,848.03. After the trial court denied Sea Vault's motion for rehearing on October 31, 2017, this timely appeal ensued.

## II. STANDARD OF REVIEW

Pure questions of law are subject to a de novo review. Pino v. Bank of New York, 121 So. 3d 23, 31 (Fla. 2013) (observing that de novo review applied to its determination whether the trial court had inherent authority to strike a notice of voluntary dismissal); see also Wells v. Halmac Dev., Inc., 189 So. 3d 1015, 1019

(Fla. 3d DCA 2016) ("[T]o the extent the trial court's determination on a motion for attorney's fees is based on an issue of law, our standard of review is de novo."). Accordingly, this Court's determination whether the trial court was authorized to sanction Sea Vault for their conduct in the Arbitration Proceeding, a separate proceeding, which was not court-ordered, must be reviewed de novo.[9]

## III. ANALYSIS

The sole basis for the trial court's award of sanctions was Sea Vault's failure to pay a $5,000 deposit for fees and costs in March 2017. The trial court premised its decision to award sanctions for this failure to pay on its February 13, 2017 Injunction Order. Specifically, the trial court stated:

> [Sea Vault] had repeatedly sought to avoid arbitration, however, this Court ordered them to proceed with the arbitration on February 13, 2017, when this Court entered its Order denying [Sea Vault's] Motion for Injunctive Relief . . . The Injunction Order required the parties to proceed to the arbitration trial that was scheduled for March 22, 2017 through March 24, 2017.

However, despite the trial court's mistaken characterization of its Injunction Order, the Order does not require the parties to proceed with the Arbitration. The only

---

[9] If the trial court were authorized to sanction Sea Vault, its decision to impose sanctions for bad-faith conduct would be reviewed for an abuse of discretion. See, e.g., Goldman v. Estate of Goldman, 166 So. 3d 927, 929 (Fla. 3d DCA 2015) ("We review a trial court's decision to impose sanctions for bad faith conduct for abuse of discretion.").

7

relief requested in Sea Vault's Injunction Motion was for the trial court to require BAP to litigate the issues in the Trial Court Action. The only ruling rendered by the trial court was a denial of that request. The Injunction Order simply stated "Denied." As such, the trial court never affirmatively ordered the parties to arbitrate, neither on the face of the Injunction Order nor anywhere in the transcript of the hearing from which it sprung.

Further, the trial court erred in sanctioning Sea Vault for its failure to pay the $5,000 deposit because this issue was not before it. See Fla. Fish & Wildlife Conservation Comm'n v. Wakulla Fishermen's Ass'n, 141 So. 3d 723, 729 (Fla. 1st DCA 2014) ("In ... civil matters, courts are not authorized to award relief not requested in the pleadings." (quoting Worthington v. Worthington, 123 So. 3d 1189, 1190 (Fla. 2d DCA 2013))); Antoniadis v. EARCA, N.V., 442 So. 2d 1001, 1001 (Fla. 3d DCA 1983) (holding that the trial court lacked the authority to fashion a remedy that was not raised by any of the pleadings and not tried by consent)); see also Gold v. M & G Servs., Inc., 491 So. 2d 1297, 1299 (Fla. 3d DCA 1986) ("The trial court erred in awarding damages to a party not seeking the relief granted." (citing Antoniadis, 442 So. 2d at 1001)).

At the time of the Injunction Order, there existed two parallel proceedings: the Arbitration and the Trial Court Action. There was no pending request to compel Sea Vault to pay the $5,000 deposit in either proceeding nor had such

request ever been made. Accordingly, it was error to for the trial court to award sanctions against Sea Vault for failing to do something no party had asked that Sea Vault be compelled to do.

Moreover, a trial court's inherent authority does not extend to a party's conduct in arbitration. Once a matter has been voluntarily submitted to arbitration, a trial court lacks authority to become involved in the arbitration. See John B. Goodman Ltd. P'ship v. THF Constr., Inc., 321 F.3d 1094, 1098 (11th Cir. 2003) ("[O]nce the district court was satisfied the parties assented to the arbitration clause, it was for the arbitration panel, not the district court, to determine whether the construction contracts generally were enforceable under Florida law."); Mogler v. Franzen, 669 So. 2d 269, 271 (Fla. 2d DCA 1995) (concluding that the trial court lacked jurisdiction to consider a party's recoverable damages where the parties gave the arbitrator sole authority to determine issue by agreeing to binding arbitration).

Accordingly, the Arbitrator, not the trial court, was authorized to decide procedural questions in the arbitral dispute, such as the payment of fees and questions of timeliness. See Howsam v. Dean Witter Reynolds, Inc., 537 U.S. 79, 84 (2002) ("'[P]rocedural questions which grow out of the dispute and bear on its final disposition' are presumptively *not* for the judge, but for an arbitrator, to decide"); Dealer Comput. Servs., Inc. v. Old Colony Motors, Inc., 588 F.3d 884,

9

887 (5th Cir. 2009) ("Payment of fees is a procedural condition precedent that the trial court should not review."). Thus, the trial court was without authority to sanction Sea Vault for failing to pay the Arbitrator's fee.

Finally, the trial court's reliance on sections 682.015 and 682.031 was misplaced. Neither grants the trial court authority to sanction Sea Vault. Chapter 682, Florida Statutes, is known as the "Revised Florida Arbitration Code." Section 682.015, irrelevant to the issue before us, governs the procedure for serving petitions and motions in the trial court.

Section 682.031 is entitled "Provisional remedies" and provides as follows:

> (1) Before an arbitrator is appointed and is authorized and able to act, the court, upon motion of a party to an arbitration proceeding and for good cause shown, may enter an order for provisional remedies to protect the effectiveness of the arbitration proceeding to the same extent and under the same conditions as if the controversy were the subject of a civil action.
>
> (2) After an arbitrator is appointed and is authorized and able to act:
>
> (a) The arbitrator may issue such orders for provisional remedies, including interim awards, as the arbitrator finds necessary to protect the effectiveness of the arbitration proceeding and to promote the fair and expeditious resolution of the controversy, to the same extent and under the same conditions as if the controversy were the subject of a civil action.
>
> (b) A party to an arbitration proceeding may move the court for a provisional remedy only if the matter is urgent

> and the arbitrator is not able to act timely or the arbitrator cannot provide an adequate remedy.

Subsection (1) is inapplicable because an arbitrator had already been appointed at the time of filing the Sanctions Motion. Subsection (2), applicable here, authorizes *the Arbitrator* to issue orders for provisional remedies and specifies that a party may move *the court* for a provisional remedy only "if the matter is urgent and the arbitrator is not able to act timely or the arbitrator cannot provide an adequate remedy." § 682.031(2)(b), Fla. Stat. (2019). Here, BAP filed its motion for sanctions in the Arbitration on March 6, 2017. The Arbitrator denied the motion one week later. Hence, no argument can be made that the Arbitrator was not able to act timely or that the Arbitrator could not provide an adequate remedy.

Three days later, BAP filed the Sanctions Motion in the Trial Court Action on March 17, 2017, seeking a second bite at the sanctions apple. Based on a plain reading of the statute, section 682.031(2)(b) does confer jurisdiction on the trial court to award sanctions simply because the Arbitrator declined to do so.

## I. CONCLUSION

Accordingly, for the reasons set forth above, we reverse and remand for proceeding consistent herewith.

Reversed and remanded.